IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMIREZ, ROBIN BEASLEY, SANDRA EVANS, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, JOSE SALCEDO, A. SHAPPELLE THOMPSON, CORETTA SILVERS (formerly VICK), BLANCA NELLY AVALOS, and AMY SEVERSON, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CINTAS CORPORATION,<br><br>Defendant. | No. C 3:04-CV-00281 JSW<br><br>**ORDER GRANTING EEOC'S MOTION FOR LEAVE TO INTERVENE** |

This matter comes before the Court upon consideration of the Equal Employment Opportunity Commission's ("EEOC") Motion for Leave to Intervene with respect to Plaintiffs' cause of action relating to claims of gender discrimination against women "by failing to recruit and hire them into sales driver positions" in violation of 42 U.S.C. § 2000e-2(a)(1) (the "sales driver sex discrimination hiring claim"). (EEOC Mot. at 4:10-11.) Plaintiffs do not oppose the EEOC's request to intervene on this claim. Defendant Cintas also has filed a statement of non-opposition but has indicated its intent to later move to dismiss the EEOC from this action.

Having considered the parties' pleadings and relevant legal authority and good cause appearing, the Court finds this matter suitable for disposition without oral argument and GRANTS the EEOC's motion. *See* N.D. Civ. L.R. 7-1(b).

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 24(b) "[w]hen a party to an action relies for ground of claim ... upon any statute ... administered by a federal or state governmental officer or agency ... the officer or agency upon timely application may be permitted to intervene in the action." In determining whether to exercise its discretion and permit intervention, the Court may consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Pursuant to 42 U.S.C. § 2000e-4(g)(6), the EEOC is authorized to seek intervention in a civil action brought by a party against non-governmental entities. *See also* 42 U.S.C. § 2000e-5(f)(1) (permitting intervention by EEOC in actions against governmental entities); *Van Hoomissen v. Xerox Corp.,* 497 F.2d 180, 181 (9th Cir. 1974). In determining whether to exercise its discretion and permit intervention, the Court looks to whether the EEOC has certified that the action is one of general public importance and whether the request is timely. *EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286, 1292-1923 (7th Cir. 1993); *Mills v. Bartenders Int'l Union*, 1975 WL 3623 at *2 (N.D. Cal. 1975).

The EEOC has certified that this matter is one of general public importance. (EEOC Mot., Ex. A; Declaration of Phillip B. Sklover.) Thus, the Court must consider whether the request is timely. In making that determination, the Court may consider the following factors: (1) the stage of the proceedings at which the EEOC seeks to intervene; (2) possible prejudice to other parties; and (3) the reason for and length of any delay in seeking intervention. *See, e.g. California Dept. of Toxic Substances Control v. Commercial Realty*, 309 F.3d 1113, 1119 (9th Cir. 2002).

Although Plaintiffs initially filed their complaint in January 2004, because of stipulations between the parties and motions on unrelated issues, the instant litigation still is at its early stages. Initial disclosures are not due until May 27, 2005, and the initial case management conference is set for June 10, 2005. As such, the Court concludes that to permit the EEOC to intervene for the limited purpose set forth in its motion would not unduly delay or prolong discovery or trial of this matter. In addition, no party has objected to the EEOC's intervention for this limited purpose, and neither Plaintiffs nor Cintas has articulated any prejudice that would result from the intervention. Finally, the

Court concludes that the EEOC has adequately explained the reason for any delay that has occurred in moving to intervene. For these reasons the Court concludes that the EEOC's request is timely.

Accordingly, the Court HEREBY VACATES the hearing date set for May 6, 2005, and GRANTS the EEOC's motion for the limited purposes of intervening on the sales driver sex discrimination hiring claim. The EEOC shall file its Complaint in Intervention within seven (7) days of the date of this Order, and Cintas shall answer or otherwise respond within twenty (20) days thereafter.

**IT IS SO ORDERED.**

Dated: April 26, 2005                    /s/ Jeffrey S. White
                                         JEFFREY S. WHITE
                                         UNITED STATES DISTRICT JUDGE