1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12 ROBERT RAMIREZ, ROBIN BEASLEY, SANDRA EVANS, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, JOSE SALCEDO, A. SHAPPELLE THOMPSON, CORETTA SILVERS (formerly VICK), BLANCA NELLY AVALOS, and AMY SEVERSON, on behalf of themselves and all other persons similarly situated, | CASE NO. C04-0281-JSW **STIPULATED CONFIDENTIALITY AGREEMENT AND AGREED [PROPOSED] PROTECTIVE ORDER** Judge: Hon. Jeffrey S. White Complaint Filed: January 20, 2004 Trial Date: None Set |

ROBERT RAMIREZ, ROBIN
BEASLEY, SANDRA EVANS,
ROBERT HARRIS, LUIS
POCASANGRE CARDOZA, JOSE
SALCEDO, A. SHAPPELLE
THOMPSON, CORETTA SILVERS
(formerly VICK), BLANCA NELLY
AVALOS, and AMY SEVERSON, on
behalf of themselves and all other
persons similarly situated,

              Plaintiffs,

    vs.

CINTAS CORPORATION,

            Defendant.

---

CASE NO. C04-0281-JSW

**STIPULATED CONFIDENTIALITY
AGREEMENT AND AGREED
[PROPOSED] PROTECTIVE ORDER**

Judge:        Hon. Jeffrey S. White

Complaint Filed:  January 20, 2004
Trial Date:      None Set

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential and private information incorporating proprietary data, know-how, trade secrets, other valuable commercial information, and confidential and private information concerning parties, witnesses, and persons not party to this action. Accordingly, the parties to this action, by and through their respective attorneys, stipulate and agree to the following terms and conditions in order to safeguard confidential information that may be disclosed in the course of this action.

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents or things produced or otherwise disclosed in this litigation:

1.    <u>Definitions</u>:

(a)    <u>Confidential Information</u>:  As used herein, "confidential information" shall mean any information, documents, testimony or other things furnished in the course of this litigation containing proprietary and/or personnel information that any party, in good faith, deems confidential and designates as "CONFIDENTIAL" pursuant to the procedures set forth below. The term shall include information, documents, testimony or other things obtained by any party from a third party via subpoena, deposition or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronic copy and video. "Confidential information" does not include information that has been publicly disclosed. Where a party has or receives information or documents from a person or entity that is not a party to this case, and where the information is not provided pursuant to a subpoena, deposition, or other discovery proceeding in this litigation, that information will not be treated as CONFIDENTIAL, except that information maintained or received by a party's

Case No. C04-0281-JSW

1

STIPULATED CONFIDENTIALITY. AGMT.
AND AGREED PROTECTIVE ORDER

present or prior vendors may be designated as "CONFIDENTIAL," if it is produced by a party or vendor in this litigation.

(b)   Attorneys' Eyes Only Information:  Any confidential document or testimonial information produced by any party which contains trade secrets or private, confidential information with respect to any of the plaintiffs, class members, Cintas, Cintas's employees or former employees, and other witnesses may be designated in writing as "ATTORNEYS' EYES ONLY" or "ATTORNEY'S EYES ONLY" (individually and collectively "ATTORNEYS' EYES ONLY").  The term "trade secrets" as used herein means information that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use.  "Trade secrets" also means sensitive financial information integral to the business operations of a party for which the party has a demonstrably compelling interest in avoiding disclosure.  Designation of information as "ATTORNEYS' EYES ONLY" means that the information is also designated as CONFIDENTIAL, as defined in this Agreement.  Examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include:

(1)   Proprietary information containing trade secrets of a party;

(2)   Personnel information incorporating trade secrets of a party;

(3)   Marketing and business plans of a party;

(4)   Confidential information that individually identifies any current or prospective customer or supplier; and

(5)   Private, confidential information as defined below.

1          As used herein, "trade secrets" does not include the location of Cintas's

2  rental facilities; the numbers used to refer to Cintas's rental facilities; the names and

3  location of companies that have been acquired by or merged with Cintas; job descriptions

4  and other materials posted or distributed to potential applicants (internal or external to the

5  company) to advertise or describe jobs and job openings within the Cintas rental facilities;

6  job titles of jobs within the Cintas rental organization; press releases issued by Cintas;

7  articles or other information published in the press or posted on the internet; financial

8  reports filed by Cintas with the Securities and Exchange Commission ("SEC");

9  information that has been filed in litigation without being subject to a confidentiality or

10  protective order; or other information that has been disclosed to the public.  If it satisfies

11  the other provisions of this Agreement, however, such information may be designated as

12  "CONFIDENTIAL."

13

14          The term "private, confidential information" as used herein means

15  potentially embarrassing personal information and includes the following information

16  with respect to a person or any of the person's dependents or family members:  salary or

17  commission earnings or pay, including the pay rates and earnings of SSR's; performance

18  evaluations and disciplinary documents; medical history or conditions or treatment;

19  psychotherapy or other counseling; substance abuse or substance abuse treatment; arrests

20  or criminal conviction; government investigation; social security number; tax liability, tax

21  filings, or failure to file tax returns; child support obligations or payments; divorce or

22  separation; child custody; domestic disputes or orders of protection; prior marriages;

23  children born out of wedlock; adoption or foster care;  government action or investigation

24  with respect to child care; citizenship or immigration status; wage garnishment, credit

25  status, credit history, less than honorable discharge from the military; or bankruptcy

26  (whether personal bankruptcy or of a company in which the person was a majority

27  owner).  "Private, confidential information" does not include job assignments, job titles,

28  work duties, job history, education, or numerical performance ratings.  If it satisfies the

other provisions of this Protective Order, such information may be designated as "CONFIDENTIAL." ATTORNEYS' EYES ONLY information does not include information that a party has or receives from a person or entity that is not a party to this case, where the information is not provided pursuant to a subpoena, deposition, or other discovery proceeding in this litigation, except that information maintained or received by a party's present or prior vendors may be designated as "ATTORNEYS' EYES ONLY," if it is produced by a party or vendor in this litigation.

2.      Marking of Confidential Information and/or Attorneys' Eyes Only Information:

(a)      Marking:  Documents, information, or tangible items shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

(1)      In the case of documents or tangible items and the information contained therein that are produced by any party, designation shall be made by placing on each page of the document, or on the tangible item with a clearly visible mark, the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(2)      In the case of documents or tangible items and the information contained therein that are obtained by subpoena or other discovery from third parties, designation shall be made as follows:  Upon receipt by the receiving party, the documents or tangible things automatically shall be deemed CONFIDENTIAL and ATTORNEYS' EYES ONLY.  The receiving party shall furnish a copy thereof to all parties within five (5) business days of receipt.  (If the material cannot be reproduced for any legitimate reason, all parties shall be given an opportunity to inspect it.)  All parties thereafter shall have thirty (30) calendar days within which

to formally designate the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.  Should any party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested pursuant to Section 8.  If no party designates the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within said thirty (30)-day period, then the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designation will terminate.

(3)     In the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(4)     In the case of tangible items, designation shall be made by visibly marking the item CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(5)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL and ATTORNEYS' EYES ONLY and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence, except as otherwise limited herein.  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(b)   Good Faith:  The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or parties or for purposes of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

(c)   Receipt of Designated Information:  Except as permitted by further order of the court, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party or parties upon the terms and conditions of this Protective Order.

(d)   Unmarked documents to be produced for use at trial:  In advance of a jury trial or any proceeding to be held before a jury, if a document that has been listed by any party for use as a trial exhibit, the party that has produced that document will provide a copy of the document that does not have a written designation on it that it is CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The production of that copy or use of it at trial will not affect or alter the status of the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY or otherwise amend or alter any of the other provisions of this Protective Order.

3.   Right of Access to Designated Information:

(a)   CONFIDENTIAL Information:  Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court; the parties' counsel of record; Cintas Corporation in-house counsel or otherwise specifically identified counsel for Cintas; and associate attorneys and paralegal and clerical employees assisting any of these counsel; defendant and its officers and directors; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection (d) below:  (i) defendant's managers and human

1  resources staff, but only to the extent to which disclosure to them is reasonably necessary

2  to evaluate and defend against the claims in this case; (ii) Plaintiffs ROBERT RAMIREZ,

3  SANDRA EVANS, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, and

4  BLANCA NELLY AVALOS (individually, "Plaintiff"; collectively, "Plaintiffs");

5  (iii) consultants or experts retained by the parties to consult or testify in the case;

6  (iv) court reporters and videographers of sworn proceedings; (v) services retained by

7  counsel to photocopy or image or keypunch information from documents or evidence or

8  to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to

9  be used in the litigation; (vi) any person that a document, on its face, indicates has

10  previously seen, or has been sent the designated information, such as authors, drafters,

11  recipients and copyholders of the documents or information; and (vii) witnesses and

12  prospective witnesses to the extent deemed necessary by counsel to prepare for or give

13  testimony regarding facts at issue in this litigation, or to assist counsel in performing work

14  in this litigation, but as to this category (vii), counsel must retain physical custody of the

15  CONFIDENTIAL document or other tangible thing unless consent to release it is given by

16  the party that designated it as CONFIDENTIAL.  Disclosure of CONFIDENTIAL

17  information to any expert or consultant or other service-provider assisting counsel shall be

18  limited to that confidential information necessary for the consultation work or preparation

19  to testify.  In no case shall CONFIDENTIAL information be disclosed to any person or

20  entity who competes directly or indirectly with Cintas (a "competitor") or any labor

21  organization,  its representatives or agents, that represents or is engaged in organizing

22  Cintas employees (a "labor union").

23

24          (b)     ATTORNEYS' EYES ONLY Information:

25

26                  (1)     Disclosure of information designated as ATTORNEYS'

27          EYES ONLY, including summaries thereof, shall be limited to the Court; the

28          parties' counsel of record; Cintas Corporation in-house counsel or otherwise

7

specifically identified counsel for Cintas; and associate attorneys and paralegal and clerical employees assisting any of these counsel; defendant and its officers, directors, managers and human resources staff, but only to the extent to which disclosure to them is reasonably necessary to evaluate and defend against the claims in this case; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection 3 (d) below:  (1) court reporters and videographers of sworn proceedings in which the ATTORNEYS' EYES ONLY information is raised; (2) services retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (3) experts or consultants (not including competitors or labor unions) retained by the parties; and (4) deponents as set forth in Section 3(e) below.

(2)     Any of the following information, as it pertains to each Plaintiff, to the extent it has been designated as ATTORNEYS' EYES ONLY information, may be shown to any Plaintiff so long as counsel retains physical custody of the ATTORNEYS' EYES ONLY document or other tangible thing:

(i)     any information that describes work performed by a Plaintiff or any assessment of such work; information describing the Plaintiff's compensation; Plaintiff's application(s) for work at Cintas; the facilities and departments in which Plaintiff worked; Plaintiff's job title(s); the dates of plaintiff's employment and dates in each job assignment;  and disciplinary or warning or termination notices addressed to the Plaintiff;

(ii)     any information that sets forth the rating or compensation of any other individuals who (a) worked for any individual who conducted a

performance review for any named Plaintiff during the same review cycle as that Plaintiff; (b) worked in the same job title in the same region as any named Plaintiff during an overlapping time period; or (c) worked in a lower-ranking position in the same department in the same region as any named Plaintiff in an overlapping time period; and

(iii)    any summary prepared from ATTORNEYS' EYES ONLY information (so long as the summary does not name any specific individuals other than Plaintiffs or any one of them or the individuals in (2) immediately above by name or other identifiable description).  By entering into this Stipulation plaintiffs and their counsel are not agreeing that the information described in this section (ii) may properly be designated as ATTORNEYS' EYES ONLY information.

(3)    If it becomes necessary for counsel for a party or parties receiving ATTORNEYS' EYES ONLY information to disclose it to some other person(s) (other than as set forth in (i) and (ii) immediately above), in order to properly prepare this litigation for trial, or for other court proceedings or filings in this litigation, or to evaluate the facts, claims, and defenses for purposes of discussing settlement of this litigation, the following procedures shall be employed:

(i)    Counsel for the receiving party or parties shall notify, in writing by overnight delivery or e-mail or fax, counsel for the party producing the ATTORNEYS' EYES ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the disclosure.

(ii)    If no objection to such disclosure is made by counsel for the producing party within five (5) business days of receipt of such notification,

counsel for the receiving party or parties shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party or parties shall serve upon opposing counsel, prior to disclosure, a declaration in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(iii)     If the producing party objects to such disclosure, the producing party may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.  Alternatively, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party objecting to such disclosure shall have the burden of establishing before the Court the necessity of preventing such disclosure.

Disclosure of ATTORNEYS' EYES ONLY information shall be limited to that information necessary for the witness's consultation work or preparation to testify.

(c)     Prohibition Against Disclosure to Unauthorized Persons:  With respect to all documents, information, or tangible items produced or furnished by a party during this litigation which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.  CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized person shall be

used only for purposes of this litigation and for no other purpose including, but not limited to, labor organizing.


(d)  Requirement to Obtain a Written Declaration:  Before disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this Protective Order is made to anyone authorized by this Agreement to see the document or other information, counsel for the party disclosing the information shall obtain a written declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with and be bound by this Protective Order, that such person is aware that contempt sanctions may be entered for violation of this Protective Order, and that such person consents to the personal jurisdiction of this Court.  The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.


(e)  Use of Designated Information in Depositions:  If, in the course of this proceeding, depositions are conducted which involve CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel for the witness or party producing such information may designate, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information.  If designation of CONFIDENTIAL information is made, those portions of said depositions involving such CONFIDENTIAL information will be taken with no one present except (i) one or more of the Plaintiffs, (ii) a representative of Cintas Corporation selected by Cintas, (iii) those persons who are authorized to have access to such CONFIDENTIAL information in accordance with this Protective Order, (iv) the reporter and videographer, if any, (v) the deponent and deponent's counsel, if the deponent has

Case No. C04-0281-JSW

11

1   separate legal counsel, and (vi) counsel for the parties, including any in-house counsel for

2   Cintas. If designation of ATTORNEYS' EYES ONLY information is made, those

3   portions of said depositions involving such ATTORNEYS' EYES ONLY information will

4   be taken with no one present except (i) counsel for the parties and any in-house counsel

5   for Cintas, (ii) those persons who are authorized to have access to such ATTORNEYS'

6   EYES ONLY information in accordance with this Protective Order, (iii) the reporter and

7   videographer, if any, and (iv) the deponent and deponent's counsel, if the deponent has

8   separate legal counsel. A witness, whose deposition is being taken, may see any

9   document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the

10   document is first handed to counsel for the opposing party or parties ("opposing counsel")

11   for inspection and either (i) the opposing counsel has no objection to the witness seeing

12   the document, or (ii) the document indicates on its face that the witness has previously

13   seen or has been sent the document, or (iii) the witness is within the category of persons

14   entitled to see this type of information, pursuant to the provisions described above in

15   sections 3(a) and (b), above. If opposing counsel objects, opposing counsel will have the

16   option to do any one or a combination of the following things: (i) request that the

17   deponent sign a declaration containing the wording specified in Exhibit A to this

18   Agreement, (ii) note the objection for the record, and/or (iii) recess the deposition so that

19   the matter can be brought before the Court for determination. Any party shall have until

20   thirty (30) days after the deposition is taken within which to inform the other parties to the

21   action of the portions of the transcript (by specific page and line reference) to be

22   designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Unless otherwise

23   agreed by counsel, the right to make such designation shall be waived unless made within

24   the thirty (30)-day period. Prior to such designation, or expiration of the thirty (30)-day

25   period, the entire deposition transcript shall be deemed CONFIDENTIAL information.

26   Transcripts of testimony, or portions thereof, or documents containing the

27   CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under

28   seal as described in Section 7, until further order of the Court.

4.   Inadvertent Production:  If, through inadvertence, a producing party

provides any confidential information pursuant to this litigation without marking the

information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or

provides any information subject to a claim of attorney-client privilege, attorney work

product or other privilege or immunity, the producing party may, within fifteen (15)

business days of such disclosure, inform the receiving party or parties of the

CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the

disclosed information, and the receiving party or parties shall, as applicable, treat the

disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information

under this Protective Order, and shall return all copies of assertedly privileged or immune

documents (and destroy all summaries of same) within five (5) business days of receipt of

written notice from the producing party, and to the extent the receiving party or parties has

or have already disclosed this information, the receiving party or parties shall promptly

notify the producing party as to the specific recipients of such information and shall take

all reasonable steps to remove such information from said recipients unless, with respect

to CONFIDENTIAL and ATTORNEYS' EYES ONLY information, they are otherwise

entitled to disclosure under this Protective Order.

If a party or counsel for a party receives a document or other information

that appears on its face to be inadvertently produced and subject to a claim of privilege,

counsel for the receiving party will inform counsel for the producing party promptly after

becoming aware of the disclosure.

5.   Disclosure Contrary to this Agreement:  If CONFIDENTIAL or

ATTORNEYS' EYES ONLY information is disclosed to any person other than in the

manner authorized by this Order, the person responsible for the disclosure must

immediately bring all pertinent facts relating to such disclosure to the attention of counsel

for the producing party and, without prejudice to any other rights and remedies of the

parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6.  <u>Disclosure Must Conform to this Agreement and Future Court Orders</u>: Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

7.  <u>Instructions for Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Information Under Seal</u>:  Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be filed pursuant to Northern District Civil Local Rule 79-5 as follows:

(a)  <u>Request to File Entire Document Under Seal</u>.  Counsel seeking to file an entire document under seal must:

(1)  File and serve an Administrative Motion to File Under Seal, in conformance with Northern District Civil Local Rule 7-11, accompanied by a declaration establishing that the entire document is sealable;

(2)  Lodge with the Clerk of the Court and serve a proposed order sealing the document;

(3)  Lodge with the Clerk of the Court and serve the entire document, contained in an 8½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out

the information required by Northern District Civil Local Rules 3-4(a) and (b) and prominently displaying the notation:  DOCUMENT SUBMITTED UNDER SEAL;

        (4)    Lodge with the Clerk of the Court for delivery to the Court's chambers a second copy of the entire document, in an identical labeled envelope or container.

     (b)    <u>Request to File a Portion of a Document Under Seal</u>.  If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

        (1)    File and serve an Administrative Motion to File Under Seal, in conformance with Northern District Civil Local Rule 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

        (2)    Lodge with the Clerk of the Court and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

        (3)    Lodge with the Clerk of the Court and serve the entire document, contained in an 8½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Northern District Civil Local Rules 3-4(a) and (b) and prominently displaying the notation:  DOCUMENT SUBMITTED UNDER SEAL. The sealable portions of the document must be identified by notations or highlighting within the text;

(4)     Lodge with the Clerk of the Court for delivery to the Court's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

(5)     Lodge with the Clerk of the Court and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

(c)     <u>Filing a Document Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by Another Party</u>.  If a party wishes to file a document that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by another party pursuant to this Agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule.  If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order.  Within five (5) days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.  If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.  The designating party may also agree to withdraw the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY for the limited purpose of filing the document(s) or information with the Court, without waiving the designation generally.

(d) **Request Denied**. If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk of the Court will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within 3 days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this rule.

(e) **Effect of Seal**. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts. The chambers copy of sealed documents will be disposed of in accordance with the Court's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.

(f) **Conflict with Local Rules**. In the event of any conflict between Section 7 of this Agreement and any applicable Local Rule (including but not limited to Northern District Civil Local Rule 79-5), the applicable Local Rule shall apply.

(g) **Notice to Third Parties**. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may

1  from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY

2  information of the substance of this Order.

3

4        8.    <u>Acceptance of A Designated or Non-Designated Document Does Not</u>

5  <u>Constitute Agreement with Its Designation or Non-Designation</u>:  Acceptance or receipt by

6  a party or parties of any information, document, or thing designated as CONFIDENTIAL

7  or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession

8  that the information, document or thing is properly so designated or not designated.  Any

9  party may contest a designation that a document is CONFIDENTIAL or ATTORNEYS'

10  EYES ONLY information (or a non-designation).  If the receiving party or parties

11  disagree with the designation or non-designation, and marking by any producing party of

12  any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall

13  first try to resolve such disputes on an informal basis.  If agreement cannot be reached

14  between counsel, the producing party shall indicate in writing the reason for the

15  designation or non-designation.  The party or parties opposing the designation or non-

16  designation may present such dispute to the Court by motion or otherwise.  In the

17  resolution of such matter, the burden of establishing confidentiality shall be on the party

18  who made the claim of confidentiality.  Notwithstanding the designation or non-

19  designation of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the

20  parties reserve their right to seek relief regarding material that they believe was illegally

21  obtained, including but not limited to the return of the material and/or damages for

22  misappropriation or unauthorized use.

23

24        9.    <u>Other Objections Preserved</u>:  This Protective Order shall be without

25  prejudice to the right of any party to oppose production of any information on grounds

26  other than confidentiality.

27

28

Case No. C04-0281-JSW

18

STIPULATED CONFIDENTIALITY. AGMT.
AND AGREED PROTECTIVE ORDER

10. <u>Right to Seek or Agree to Other Orders</u>: This Protective Order shall not prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

11. <u>Return of Designated Information and Continued Agreement to Confidentiality</u>: At the conclusion of this action, including any appeals, all CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party or parties. If the documents are to be returned, the producing party will pay for the cost of shipping, using whatever shipping agent it selects. If the documents are to be destroyed, the producing party will be responsible for engaging a service that it selects and pays to collect the documents and destroy them. Counsel for the receiving party or parties is entitled to keep copies of pleadings and correspondence used in this litigation, in a secure storage area subject to the terms of this agreement. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

1        12.    <u>Violation</u>:  Any party to this action may file a motion requesting that the

2    Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

3

4            SO STIPULATED.

5

6   Dated:  June 3, 2005         MINER, BARNHILL & GALLAND

7

8                         By:   /s/ Paul Strauss
                                  PAUL STRAUSS

9                         Attorneys for Plaintiffs

10

11  Dated:  June 3, 2005         PAUL, HASTINGS, JANOFSKY & WALKER LLP

12

13                        By   /s/ Nancy L. Abell
                                NANCY L. ABELL

14                         Attorneys for Defendant
                         CINTAS CORPORATION

15

16  Dated:  June 3, 2005         U.S. EEOC

17

18                        By:   /s/ Robert D. Unitas
                                ROBERT D. UNITAS

19                         Attorneys for Plaintiff-Intervenor
                         EEOC

20

21         IT IS SO ORDERED.  as modified by the Court.

22

23  Dated:  June 10  , 2005       /s/ Jeffrey S. White

24                       THE HONORABLE JEFFREY S. WHITE
                       UNITED STATES DISTRICT COURT JUDGE

25

26

27

28

1
2

**APPENDIX A**

3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12
13
14
15
16
17

ROBERT RAMIREZ, ROBIN
BEASLEY, SANDRA EVANS,
ROBERT HARRIS, LUIS
POCASANGRE CARDOZA, JOSE
SALCEDO, A. SHAPPELLE
THOMPSON, CORETTA SILVERS
(formerly VICK), BLANCA NELLY
AVALOS, and AMY SEVERSON, on
behalf of themselves and all other
persons similarly situated,

CASE NO. C04-0281-JSW

**STIPULATED CONFIDENTIALITY
AGREEMENT AND AGREED
PROTECTIVE ORDER**

18

                Plaintiffs,

19

        vs.

20

CINTAS CORPORATION,

21

                Defendant.

22

**DECLARATION**

23

**OF**

24

_____

25
26
27
28

STIPULATED CONFIDENTIALITY. AGMT.
AND AGREED PROTECTIVE ORDER

1          1.     My name is _____. I have

2 personal knowledge of the facts set forth in this Declaration, and if called and sworn as a

3 witness, I would testify competently to those facts.

4

5          2.     I live at _____.

6

7          3.     I am employed as (state position): _____.

8

9          4.     The full name and address of my employer is:

10 _____

11 _____

12 _____

13

14          5.     I am aware that an Agreed Protective Order ("Protective Order")

15 regarding confidential information has been entered in the case of *Ramirez, et al v. Cintas*

16 *Corp.*, in the United States District Court for the Northern District of California ("Court").

17 A copy of that Protective Order has been given to me. I have carefully reviewed its terms

18 and conditions.

19

20          6.     I agree that documents, information, and tangible items designated as

21 CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the

22 Protective Order, and agree to comply with and be bound by the terms of the Protective

23 Order.

24

25          7.     Without limiting the foregoing, I agree that I will not disclose or

26 discuss any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with

27 any persons other than counsel for either party and paralegal and clerical personnel

28 assisting such counsel, and other persons permitted access to such material under the

Protective Order who have signed declarations under penalty of perjury undertaking to preserve the confidentiality of such material.

       8.     I agree to use any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

       9.     I understand that any use of CONFIDENTIAL and ATTORNEYS' EYES ONLY material, or any portion or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order shall subject me to contempt sanctions of the Court.

      10.     I consent to the exercise of personal jurisdiction over me by the Court.

      I declare under penalty of perjury under the laws of the State of _____ and United States of America that the foregoing declaration is true and correct.

      Executed this _____ day of _____, 200__, at _____, _____.

_____
Signature

LA/1081809.12

Case No. C04-0281-JSW

3

STIPULATED CONFIDENTIALITY. AGMT.
AND AGREED PROTECTIVE ORDER