NANCY L. ABELL (SB# 88785)
MARK W. ATKINSON (SB# 60472)
HEATHER A. MORGAN (SB# 177425)
JOSEPH W. DENG (SB# 179320)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant CINTAS CORPORATION

*Plaintiffs' Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT RAMIREZ, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, JOSE SALCEDO, A. SHAPPELLE THOMPSON, CORETTA SILVERS (formerly VICK), BLANCA NELLY AVALOS, and AMY SEVERSON, on behalf of themselves and all other similarly situated,<br><br>                Plaintiffs,<br>and<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff-Intervenor,<br><br>    vs.<br><br>CINTAS CORPORATION,<br><br>              Defendant. | CASE NO. C04-0281-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER PURSUANT TO CIVIL LOCAL RULE 16-9**<br><br>CMC Date:     June 10, 2005<br>Time:         1:30 p.m.<br>Place:        Courtroom 2, 17th Floor<br>Judge:       Honorable Jeffrey S. White<br><br>Complaint Filed: January 20, 2004 |

1   MORRIS J. BALLER (SB# 048928)
    ROBERTA L. STEELE (SB# 188198)
2   NINA RABIN (SB# 229403)
    GOLDSTEIN, DEMCHAK, BALLER,
3       BORGEN & DARDARIAN
    300 Lakeside Dr., Suite 1000
4   Oakland, CA  94612
    Telephone: (510) 763-9800
5   Facsimile: (510) 835-1417

6   PAUL STRAUSS (SB# 153937)
    ROBERT S. LIBMAN (SB# 139283)
7   NANCY MALDONADO
    MINER, BARNHILL & GALLAND
8   14 W. Erie Street
    Chicago, IL  60610
9   Telephone: (312) 751-1170
    Facsimile: (312) 751-0438

10
    Attorneys for Plaintiffs ROBERT RAMIREZ, et al.
11

12  ROBERT UNITAS
    ERICA WHITE-DUNSTON
13  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    1801 L Street, N.W.
14  Washington, D.C. 20507
    Phone:  (202) 663-4768
15  Fax:  (202)  663-4196

16  Attorneys for Plaintiff-Intervenor
    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
17

18

19

20

21

22

23

24

25

26

27

28

Case No. C04-0281-JSW

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

1

**TABLE OF CONTENTS**

2

**Page**

3   1.   Subject Matter Jurisdiction, Personal Jurisdiction, Venue and Service .................. 1

4   2.   Factual Summary and Related Proceedings ............................................................ 1

5        a.     Factual Summary ................................................................................................ 1

       b.     Class Issues ........................................................................................................ 2

6        c.     EEOC Complaint-in-Intervention ...................................................................... 2

7        d.     Related Proceedings .......................................................................................... 2

8   3.   Brief Description of Factual and Legal Issues in Dispute ....................................... 5

  4.   Procedural History ................................................................................................. 8

9   5.   Discovery and Disclosures to Date ......................................................................... 8

10   6.   Discovery Plan ....................................................................................................... 9

       a.     Request for Expedited Procedure for Resolution of Discovery

11             Disputes ............................................................................................................. 9

12        b.     Key Witnesses ................................................................................................... 9

       c.     Essential Information ......................................................................................... 9

13        d.     Dispute Regarding Temporal Scope of Discovery ............................................ 10

14        e.     Bifurcation of Discovery Regarding Class Certification, Liability,

            and Damages Issues ........................................................................................... 10

15        f.     Sequence of Discovery ...................................................................................... 11

16        g.     Changes That Should Be Made in the Limitations on Discovery

            Imposed Under the Federal and Local Civil Rules, and What Other

17             Limitations Should Be Imposed ........................................................................ 11

18        h.     Non-Expert Discovery Schedule ....................................................................... 14

       i.     Expert Discovery and Reports ........................................................................... 14

19        j.     Protective Orders Pursuant to FRCP Rule 26(c) ............................................... 14

20        k.     How Discovery Will Be Managed ..................................................................... 14

21        l.     Service of Pleadings .......................................................................................... 17

  7.   Dispositive Motions Schedule ............................................................................... 17

22        a.     Before Class Certification ................................................................................. 17

23        b.     Class Certification ............................................................................................. 18

24   8.   Relief Sought ......................................................................................................... 18

  9.   ADR Efforts and Plan ............................................................................................ 18

25   10.  Assignment to a Magistrate ................................................................................... 18

26   11.  Proposed Deadlines ............................................................................................... 18

27   12.  Service List for Counsel ........................................................................................ 19

28

Case No. C04-0281-JSW        -i-       JOINT CASE MANAGEMENT STATEMENT
                                                    AND PROPOSED ORDER

1

**TABLE OF CONTENTS**
(continued)

2

Page

3  13. Other Items in Civil Local Rules................................................................ 19

4      a.  The Specific Paragraphs of FRCP Rule 23 Under Which the Action is
           Maintainable as a Class Action ................................................... 20

5      b.  A Description of the Class or Classes in Whose Behalf the Action is
           Brought ...................................................................................... 20

6
7      c.  Facts Showing that Plaintiffs are Entitled to Maintain the Action
           Under FRCP Rule 23(a) and (b)................................................... 21

   14. Interested Parties .................................................................................... 22

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's January 27, 2004 Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement and Northern District Civil Local Rules 16-9(a) and (b), Plaintiffs ROBERT RAMIREZ, SANDRA EVANS, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, BLANCA NELLY AVALOS, ROBIN BEASLEY AND AMY SEVERSON (collectively, "Plaintiffs"),[1] Intervenor EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC" or "Plaintiff-Intervenor"), and Defendant CINTAS CORPORATION ("Cintas" or "Defendant"), and collectively "the parties," jointly submit this Consolidated Case Management Statement and Proposed Order (the "Case Management Statement") and request the Court to adopt it as its Case Management Order in this case.

**1. <u>Subject Matter Jurisdiction, Personal Jurisdiction, Venue and Service</u>**

This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended ("Title VII"); the California Fair Employment and Housing Act, Government Code §§ 12940, *et seq.* ("FEHA"); and the California Unfair Business Practices Act, Business and Professions Code § 17200 *et seq.* ("Section 17200"). The Court has jurisdiction pursuant to 28 U.S.C. §1331. No question remains at this time regarding personal jurisdiction or venue. No parties remain to be served.

**2. <u>Factual Summary and Related Proceedings</u>**

**a. <u>Factual Summary</u>**

Plaintiffs allege that Defendant Cintas has engaged in, and continues to engage in, a Rental Division-wide pattern and practice of employment discrimination, on the basis of race, national origin, and sex, against themselves and a class of similarly-situated African American, Hispanic, and female employees, former employees, and applicants for employment as specifically alleged in the Third Amended Complaint. Defendant denies

---

[1] Original plaintiffs Jose Salcedo, Shappelle Thompson, and Coretta Silvers have been ordered to arbitrate their claims and those claims have been stayed in this Court.

Plaintiffs' allegations, denies that there is a pattern and practice of discrimination, denies that Plaintiffs are members of a class or that class treatment is appropriate, and denies that Plaintiffs have been damaged in any way.

### b. Class Issues

Pursuant to the October 29, 2004 Stipulation and the Court's Order thereon, the issues that can be pursued on a class basis in this case are limited to Plaintiffs' claims that: (i) Cintas has discriminated against women, African Americans and Hispanics in hiring to SSR (driver) positions in its Rental Division facilities; (ii) Cintas has discriminated against African Americans holding SSR positions with respect to route assignments in its Rental Division facilities; (iii) Cintas has discriminated against African American non-exempt employees in its Rental Division facilities in terms of their compensation; and (iv) Cintas has discriminated against Hispanic supervisors in promotions, transfers and job assignments in its Rental Division facilities.

### c. EEOC Complaint-in-Intervention

The EEOC filed its Complaint-in-Intervention on April 27, 2005, alleging that Cintas has discriminated against female applicants for the SSR job. As originally filed, EEOC's Complaint-in-Intervention did not cover Cintas's facilities in the State of Michigan. On May 19, 2005, EEOC moved to amend its Complaint-in-Intervention to include women in Michigan. Plaintiffs filed a non-opposition to the EEOC's motion on May 24, 2005. Defendant's opposition, if any, is due on ~~June 10, 2005, and EEOC's reply is due on June 24, 2005.~~ June 17, 2005 and EEOC's reply is due on July 1, 2005

### d. Related Proceedings

#### (1) Arbitration of Claims of Plaintiffs Salcedo, Silvers and Thompson

Pursuant to the Court's March 22, 2005 Order to Compel Arbitration, Plaintiffs Salcedo, Thompson and Silvers have been compelled to arbitrate their claims, and the action as to those Plaintiffs has been stayed pending completion of that arbitration. Plaintiffs Salcedo, Severson, and Thompson's single arbitration proceeding, brought as a

putative class action, is now in the American Arbitration Association administrative intake stage.

### (2)  Transfer and/or Arbitration of Claims of Plaintiffs Beasley and Severson

The October 29, 2005 Stipulation and Order provides that the claims of Plaintiffs Robin Beasley and Amy Severson will be pursued only as individual claims, not as class or collective claims.  Therefore, Plaintiffs Beasley and Severson will not seek certification as class representatives.

The Stipulation and Order further provided that if the Beasley case is not settled, the parties will jointly move the Court to have it transferred to Beasley's home state of Michigan.  Settlement discussions are in progress.

The October 29, 2005 Stipulation and Order also provided that if the Severson case is not settled, Cintas may place back on this Court's motion calendar its motion to transfer venue/dismiss the claims of Plaintiff  Severson, and/or its motion to dismiss or stay and compel arbitration of her claims; that if Defendant's motion to dismiss or stay and compel arbitration of Plaintiff Severson's claims is withdrawn or denied, the parties will jointly move the Court to transfer the Severson case to Severson's home state of Missouri; and that Defendant may move the Court in Missouri to dismiss or stay and compel arbitration if and only if the issue has not been decided by this Court.  Settlement discussions are in progress.

### (3)  Related Case to be Filed in the Northern District of California

Plaintiffs' counsel intend to file a new case against Cintas in the Northern District of California, brought on behalf of named plaintiffs Larry Houston, Clifton Cooper, and James Morgan, alleging, for themselves and on behalf of a class, discrimination against African Americans with respect to hiring and promotion into management jobs and discrimination against African American SSR's in route assignments and pay ("the *Houston* case").  Plaintiffs' counsel intend to file the *Houston* case with a designation that

1    it is related to this case and both the *Houston* case plaintiffs and Plaintiffs here believe it

2    should be consolidated with this case.

3          Defendant has provided Plaintiffs' counsel with the arbitration agreements signed

4    by Messrs. Houston, Cooper and Morgan, along with a letter setting forth the legal

5    citations that compel arbitration of their claims.  Defendant submits that any attempt to

6    pursue these claims in a court of law is frivolous and sanctionable.  Plaintiffs dispute this

7    contention and have sent defense counsel a letter setting forth the legal citations in support

8    of their position.

9                         **(4)      *Serrano* Case Pending in the Eastern District of Michigan**

10         A case pending in the United States District Court for the Eastern District of

11   Michigan, *Serrano, et al. v. Cintas Corp.*, No. 01-cv-40132 (Gadola, J.), raises claims

12   similar to some of those made in this case.  *Serrano* is a putative, uncertified class action

13   filed by private plaintiffs (without the participation of the EEOC) that seeks to maintain

14   claims of gender discrimination against women in hiring for SSR (driver) positions in the

15   State of Michigan in the period from late 1999 to the present.  Counsel for both plaintiffs

16   and defendant in *Serrano* are different from those in the case before this Court.

17         Plaintiffs' motion for class certification in *Serrano* is due sometime in the next

18   several months.  Recently, counsel for Plaintiffs in *Serrano* informed counsel for Plaintiffs

19   here that they intend to move to amend the complaint in *Serrano* to seek certification of a

20   nationwide class on the gender discrimination in SSR hiring claim.  Cintas has denied that

21   certification of a class action is appropriate in *Serrano*, and stated that it will oppose the

22   plaintiffs' motion to amend their complaint and their motion for class certification.  If the

23   court in Michigan grants certification of a nationwide class, the class claims in *Serrano*

24   would significantly overlap with some of the class claims in this case.

25         The parties believe that the best course of action in regard to the possible overlap

26   between the *Serrano* class claims and those in this case is to await further developments in

27   that case.  After the court in Michigan defines the scope of the class action, if any, in

28

*Serrano*, this Court then could revisit the question of whether further case management orders are necessary or appropriate in this regard.

**3.        Brief Description of Factual and Legal Issues in Dispute**

The parties agree that the principal factual and legal issues that the parties dispute include:

1.        Whether Cintas has discriminated against women in hiring for SSR (driver) positions in its Rental Division facilities nationwide?

2.        Whether Cintas has discriminated against African Americans in hiring for SSR (driver) positions in its Rental Division facilities nationwide?

3.        Whether Cintas has discriminated against Hispanics in hiring for SSR (driver) positions in its Rental Division facilities nationwide?

4.        Whether Cintas has discriminated against African Americans holding SSR (driver) positions with respect to route assignments and compensation opportunities in its Rental Division facilities?

5.        Whether Cintas has discriminated against African American employees in non-exempt positions in its Rental Division facilities with respect to compensation?

6.        Whether Cintas has discriminated against Hispanic supervisors in Rental Division facilities with respect to promotions, transfers and job assignments?

7.        Whether the FRCP 23 requirements for certification of this case as a class action are met; in particular –

          a.        Whether the alleged class is so numerous that joinder of all class members is impracticable?  (Rule 23(a)(1))

          b.        Whether there are common questions of fact and law as to the issues of alleged class wide discrimination raised by Plaintiffs' claims?  (Rule 23(a)(2))

          c.        Whether the claims of the named Plaintiffs are typical of those of the putative class as a whole?  (Rule 23(a)(3))

          d.        Whether the named Plaintiffs would be adequate class representatives?  (Rule 23(a)(4))

-5-

1          e.     Whether Cintas has acted or failed to act with respect to the

2  issues raised in the Complaint on grounds generally applicable to the class as a whole,

3  such that final injunctive relief or corresponding declaratory relief on behalf of the

4  putative class as a whole would be appropriate?  (Rule 23(b)(2))

5      8.     What is the statute of limitations/class liability period applicable to the

6  claims of Plaintiffs on behalf of themselves and members of the putative class under 42

7  U.S.C. §1981?

8      9.     What is the statute of limitations/class liability period that applies to the

9  claims of Plaintiffs on behalf of themselves and members of the putative class, and to the

10  claims of the EEOC, under Title VII?  In particular,

11         a.     Whether Plaintiffs can rely on an EEOC charge filed by a

12  class member who is not herself a named Plaintiff in this case?

13         b.     What is the statute of limitations/liability period that applies to

14  the claims of the EEOC?

15      10.    Whether, should the Court not certify a gender class of discrimination in

16  hiring for SSR (driver) positions, EEOC can maintain its action as pleaded.

17      11.    Whether there is statistically significant evidence that one or more of

18  Cintas's allegedly discriminatory practices has adverse impact against members of the

19  putative class with respect to the issues raised in the Complaint?

20      12.    What probative weight should be accorded to the opinion testimony that will

21  be offered by the parties' respective statistical analysts, labor economists, and any other

22  expert witnesses who may testify in this case?

23      13.    Whether, if one of more of Cintas's allegedly discriminatory practices is

24  shown to have adverse impact on members of the class, Cintas can demonstrate that its

25  practices are required as a matter of business necessity?

26      14.    Whether, if Cintas attempts to justify any of its practices which have an

27  adverse impact on members of the class as a business necessity, there are less

28

discriminatory alternatives that would adequately serve Cintas's legitimate business purposes?

15.     If Cintas is found to have discriminated unlawfully with respect to the putative class in one or more of the ways alleged in the Complaint, what class-wide injunctive remedies are necessary and appropriate to terminate Cintas's ongoing discriminatory practices and eliminate insofar as possible the present effects of actionable past discrimination?

16.     If Cintas is found to have discriminated against the class in one or more of the ways alleged in the complaint, what types of monetary relief, and what measures of relief for each such type of relief, are appropriate and necessary to compensate the putative class members for loss of income and damages suffered due to Cintas's unlawful discrimination?

17.     Whether any of Cintas' alleged acts of discrimination on the basis of sex against the named Plaintiffs or the class were intentional within the meaning of 42 U.S.C. §1981a (a)(1)?

18.     Whether the allegedly discriminatory acts of Cintas constitute unlawful, unfair, or fraudulent business practices within the meaning of California Business & Professions Code §17200?

19.     Whether Cintas discriminated against the individual named Plaintiffs  Nelly Avalos, Luis Pocasangre Cardoza, Robert Harris, Anthony Jones, Sandra Evans, and Robert Ramirez, on the bases alleged in the Complaint, in violation of Title VII; and/or, in the case of those plaintiffs who allege racial discrimination, of 42 U.S.C. §1981; and/or, in the case of those Plaintiffs who worked or applied for work to Cintas in California, the FEHA?

20.     If Cintas is found to have unlawfully discriminated against one or more of the individual named Plaintiffs, what measures of injunctive and/or monetary relief are necessary and appropriate to make those Plaintiffs whole from the effects of Cintas's discriminatory practices?

1    No partially dispositive issues are appropriate for decision by motion or agreement

2    at this time, before discovery.

3    **4.    Procedural History**

4    The procedural history is included in Section 2 above.

5    Plaintiffs intend to file a Fourth Amended Complaint, adding Anthony Jones, an

6    African-American applicant for a SSR job who alleges he was denied that job because of

7    his race.  Defendant will stipulate to the filing of a Fourth Amended Complaint adding

8    only Jones and containing the same words with respect to Jones' claims as the draft

9    presented to defense counsel, reserving all defenses to the allegations in that Complaint,

10   once Jones has requested and the EEOC has issued a Notice of Right to Sue to Jones and

11   the EEOC has terminated its administrative proceedings with regard to the claims raised

12   in that charge.

13   No other motions are pending.  No party presently intends to add any additional

14   parties.

15   **5.    Discovery and Disclosures to Date**

16   Discovery has not commenced.

17   On April 29, 2005, the parties met in person in San Francisco and conducted their

18   FRCP Rule 26(f) conference.  On May 27, 2005, the parties exchanged their initial

19   disclosures pursuant to FRCP Rule 26(a), and held a further telephonic conference to

20   discuss initial disclosures, the issues raised by this Statement, and the issues to be

21   addressed at the Case Management Conference.  The parties agreed to a Stipulation for a

22   Protective Order, which was entered by the Court on ~~June 3, 2005~~. June 10, 2005.

23   The parties made timely disclosures as follows:

24   **Persons:**  Plaintiffs, Defendant, and the EEOC made timely disclosures of

25   individuals likely to have discoverable information that they may use to support their

26   claims and have agreed to disclose additional witnesses as they are identified.  Cintas has

27   also agreed to provide further information on a rolling basis.

28

**Documents:**  Plaintiffs, Defendant, and the EEOC made timely disclosures of documents that may be used to support their claims and have agreed to disclose additional documents as they are identified.

**Damage Computations and Other Relief:**  Unknown at this time.

**Insurance Agreements:**  St. Paul Employment Practices Liability Policy 0534CM265; effective dates July 1, 2003 through July 1, 2004; Lexington Insurance Employment Practices Liability Policy 1323949; effective dates July 1, 2003 through July 1, 2004.

The parties will confer regarding the disclosures made to date and supplement their disclosures required by the Rules.

**6.  Discovery Plan**

    **a.  Request for Expedited Procedure for Resolution of Discovery Disputes**

The parties are continuing to discuss the appropriate scope of discovery, the means and nature of the discovery that should be taken at the early stages, and ways to make discovery efficient.  At this stage, with initial discovery yet to be served, the parties do not have issues to present to the Court for resolution.  However, the parties would benefit from an expedited procedure for the resolution of discovery disputes that may arise.

    **b.  Key Witnesses**

Because of the complex nature of this case and the number of issues, the parties cannot concisely list key witnesses.

    **c.  Essential Information**

Plaintiffs and EEOC believe that to move this case forward quickly towards resolution it is crucial to receive from Cintas the available data it has (particularly data in computer-readable form) about its employees and applicants (name, sex, race, job position, etc.) and personnel transactions (hiring, promotion, etc.).

Defendant's counsel believes that it is essential to obtain all information that Plaintiffs, their counsel and the labor organizations that have encouraged and supported

1    this litigation have obtained to support the allegations asserted in this lawsuit, as well as

2    all information the named Plaintiffs have in support of their claims.

3        **d.    Dispute Regarding Temporal Scope of Discovery**

4        The parties do not agree on the appropriate temporal scope for discovery.  Plaintiffs

5    and the EEOC contend that discovery should extend to documents, facts, and practices of

6    Cintas since January 1, 1997.  Cintas contends that discovery for the pre-class certification

7    hearing phase should be limited to the time period from January 20, 2002 to the present on

8    issues of recruiting, hiring, and promotion, and from January 1, 2000 to the present on

9    issues of pay and job assignments.

10       **e.    Bifurcation of Discovery Regarding Class Certification, Liability, and
              Damages Issues**

11

12       Discovery should be bifurcated.  During the initial phase of pre-class discovery,

     inquiry should be limited to (1) policies and practices of Defendant relevant to employees

13   and applicants in jobs covered by the Complaint at Defendant's Rental Division facilities;

14   (2) electronic data (*i.e.*, payroll and human resources databases) with respect to employees

15   and applicants at Defendant's Rental Division facilities for jobs covered by the

16   Complaint; (3) the availability of hard paper records to supplement the electronic payroll

17   and human resources databases referred to in (2); (4) Plaintiffs' claim that this case should

18   be certified as a class action; (5) the named Plaintiffs' individual liability and damages

19   claims; (6)  information relevant to confirm or rebut written statements of witnesses,

20   produced in initial disclosures or discovery; (7) electronic data, hard copy payroll and

21   personnel records, and other information about employment and personnel transactions at

22   the facilities where witnesses listed in Plaintiffs' Rule 26 initial disclosures were

23   employed; and (8) Defendant's defenses with respect to (1) to (7).  The scope of discovery

24   with respect to topics (1) – (8) will be governed by the standards in the Federal Rules of

25   Civil Procedure and the decisions interpreting those Rules.  Other merits discovery and

26   damages discovery should not commence until a ruling on class certification, at which

27   time a new discovery plan will be required.

28

EEOC is not required to certify a class pursuant to FRCP 23 to maintain its action. There is, however, substantial potential overlap between EEOC's merits discovery and Plaintiffs' class certification discovery. Therefore, to avoid duplicative discovery, EEOC will participate in discovery as described in (1) – (8) above. In addition, EEOC will coordinate its discovery with Plaintiffs whenever practicable.

**f.    Sequence of Discovery**

The parties intend to conduct discovery efficiently and expeditiously. In accordance with the provisions of FRCP 26(d), methods of discovery may be utilized in any sequence. The fact that one party is conducting discovery, whether by deposition or otherwise, shall not be utilized as a reason to delay or prevent discovery by any other party. Nonparty discovery shall be conducted concurrently with party discovery.

**g.    Changes That Should Be Made in the Limitations on Discovery Imposed Under the Federal and Local Civil Rules, and What Other Limitations Should Be Imposed**

The following changes should be made to the limitations on discovery imposed under the Federal and Local Rules:

**(1)    Depositions**

The parties agree that the provisions of FRCP 30 will apply to depositions. The parties further agree that it will be necessary to take more than the ten depositions per side allowed under FRCP 30(a)(2)(A). The parties agree that, without further leave of the Court, Plaintiffs and the EEOC collectively may take thirty depositions[2] and Defendant may take thirty depositions before a decision on a motion for class certification. Those depositions are in addition to the depositions of each expert witness designated by the other side. Furthermore, unless otherwise agreed or ordered by the Court, the parties will adhere to the seven-hour time limit for depositions pursuant to FRCP 30(d)(2), except as follows:

---

[2] Plaintiffs and EEOC agree to an undivided allocation of depositions only for the pre-class certification phase of discovery.

1       (a)  Plaintiffs and EEOC, collectively, and Defendant may

2 each depose five individuals for not to exceed fourteen (14) hours each of running tape

3 time.

4       (b)  Expert witness depositions each may be up to twelve

5 (12) hours of running tape time.

6       (c)  Counsel will confer on the location of each deposition

7 in an attempt to select locations that are reasonably accessible to airplane travel and

8 convenient to all parties.

9    Pursuant to FRCP 30(b), the parties agree that upon notice given concurrently as

10 part of the original notice of deposition, or by separate notice if by the non-noticing party

11 not later than five days prior to the commencement of the deposition, depositions may be

12 recorded by non-stenographic means, including without limitation by videotape and/or a

13 real-time computer program (such as LiveNote), provided that the deposition is also

14 stenographically recorded by a certified stenographic reporter.  The party noticing the

15 non-stenographic recording shall be responsible for the cost of the original non-

16 stenographic recording.  Any party who wishes to obtain a copy of any non-stenographic

17 recording of a deposition shall be entitled to obtain such a copy from the person or entity

18 who recorded such deposition non-stenographically upon payment to such person or entity

19 of the usual and customary fee charged by such person or entity for a copy.

20    In the event that a dispute arises regarding the number of allowable depositions or

21 the duration of a deposition, the parties agree to attempt to resolve the dispute informally.

22 In the event that attempts to informally resolve such disputes are unsuccessful, the parties

23 will present a one to three page letter to the Court setting forth their positions on the

24 dispute, unless the nature of the dispute reasonably requires a longer recitation.  The

25 parties will contact the Court to obtain a mutually agreeable time when the Court may

26 agree to hear and decide the matter by telephone.

27

28

#### (2)    Interrogatories

The parties agree that during the pre-class certification hearing stage the parties may serve the following number of interrogatories:

Plaintiffs and Defendant each may serve twelve interrogatories relating to each of the named Plaintiffs' individual claims, respectively (*i.e.*, Plaintiffs and Defendant may each serve one set of twelve interrogatories for each named Plaintiff).

Plaintiffs and the EEOC, collectively, may serve twenty interrogatories about electronic and hard copy data maintained or held by Cintas or its vendors (covering, *e.g.*, the items of information in the database; the time period covered by the database; the categories of employees covered by the database; the names of the files or tables in the database; the specific fields in those files; the existence of a record lay-out or data dictionary describing the location of information on the database; look-up tables or other explanations of codes used in the database; whether data can be exported, etc.).[3]

Plaintiffs may serve fifteen interrogatories and the EEOC may serve ten interrogatories about Cintas's employment and compensation policies, procedures, and practices.

Plaintiffs and the EEOC, collectively, even may serve five contention interrogatories.

Defendant may serve forty-five additional interrogatories addressed to the Plaintiffs as a group and/or the EEOC.

This is without prejudice to the right of any party to seek a further stipulation or court approval of additional interrogatories.

#### (3)    Requests For Admissions

The parties agree that requests for admissions will be governed by the provisions of FRCP 36.

---

[3] Plaintiffs and EEOC agree to an undivided allocation of interrogatories about electronic and hard copy data only for the pre-class certification phase of discovery.

| 1 | **h.** | **Non-Expert Discovery Schedule** |

Notices of depositions to be served on a rolling basis by      2/21/2006

Complete non-expert interrogatories and document discovery by      ~~4/8/2006~~

Complete non-expert depositions (*e.g.*, Plaintiffs, FRCP 30(b)(6)      ~~4/8/2006~~
       deponents, witnesses and records custodians) by

**i.**      **Expert Discovery and Reports**

Plaintiffs and EEOC to identify expert(s) and subject of expert opinion by      3/01/2006

Defendant to identify expert(s) and subject of expert opinion by      4/05/2006

Plaintiffs and EEOC to provide FRCP 26(a)(2) expert report(s) by      ~~4/15/2006~~

Plaintiffs' and EEOC's expert(s) to be made available for deposition by      ~~5/21/2006~~

Defendant to provide FRCP 26(a)(2) expert report(s) by      6/27/2006

Defendant's expert(s) to be made available for deposition by      7/21/2006

Plaintiffs to serve rebuttal expert reports by      8/15/2006

Defendant to serve supplemental expert reports by      9/15/2006

Expert discovery cut-off      ~~10/8/2006~~

**j.**      **Protective Orders Pursuant to FRCP Rule 26(c)**

     The Court has entered a Stipulated Confidentiality Agreement And Agreed Protective Order (the "Protective Order") submitted by the parties. This Order applies to all discovery.

**k.**      **How Discovery Will Be Managed**

     Counsel have agreed that they will attempt to meet and confer, and work out arrangements for discovery, as much as possible.

     To date the parties have agreed to the following:

         (i)      Documents produced will be numbered as follows:

     ▪   P000001 – will start Plaintiffs range.

     ▪   E100000 – will start EEOC's range.

     ▪   C200000 – will start Defendant's range.

         (ii)      Documents will be produced in the form of images stored on CDs. Defendant will provide copies of its CDs to the two Plaintiffs' firms of record and the EEOC. Plaintiffs and EEOC will provide three copies of their CDs to

Defendant. Specifically, the parties have agreed that documents will be produced as single page, group IV TIFF file format, scanned at 300 DPI (or such other technology to which the parties mutually agree), and produced on a CDROM (or DVDROM), not hard copy. Each TIFF file will be named the same as its bates number designation. Document production will also include a text file containing the beginning and ending page numbers (*i.e.*, Bates number) of each document. Finally, an image load file, in an Opticon file format, will be produced.

(iii) The following communications do not need to be logged on a privilege log as long as the communication has not be shared in any part or manner with anyone to whom the privilege does not apply.

(a) Attorney-client privileged communications between named Plaintiffs and either of the two Plaintiff law firms of record.

(b) Privileged (joint prosecution) communications between Plaintiffs' counsel of record and counsel for the EEOC.

(c) Privileged communications between Plaintiffs' counsel or counsel for the EEOC and any other attorneys with whom they consult about the claims of their clients or prospective clients or with whom they discuss privileged work product information.

(d) Privileged communications between counsel for the EEOC and EEOC employees.

(e) Attorney-client privileged communications between or among outside counsel for Cintas, and between or among outside counsel for Cintas and Cintas in-house counsel.

(f) Attorney-client privileged communications between or among outside counsel for Cintas and current Cintas employees with respect to whom the attorney-client privilege applies as to the communication.

(g) Attorney-client privileged communications between or among outside counsel and former Cintas employees, made at a time when the

person was employed by Cintas, with respect to those aspects of the communications to which the attorney-client privilege applies.

(h) Attorney-client privileged communications between or among in-house counsel for Cintas and current Cintas employees with respect to whom the attorney-client privilege applies as to the communication.

(i) Attorney-client privileged communications between or among in-house counsel for Cintas and former Cintas employees, made at a time when the person was employed by Cintas, with respect to those aspects of the communications to which the attorney-client privilege applies.

(j) Attorney work product communications between counsel for Plaintiffs and any consulting expert who individually or whose firm is not also a testifying expert.

(k) Attorney work product communications between counsel for Cintas (outside counsel or in-house counsel) and any consulting expert who individually or whose firm is not also a testifying expert.

(l) Attorney work product communications between counsel for the EEOC and any consulting expert who individually or whose firm is not also a testifying expert.

(iv) Privilege logs will be deemed timely if served no later than thirty (30) days after the date the response or objections to the document production is served.

(v) The period for discovery will commence upon entry of the agreed proposed Protective Order and this Order. The parties thereafter may serve requests for production of documents, interrogatories, requests for admission, and notices of deposition.

(vi) Discovery requests will be sent electronically using Word software.

1                     (vii)    This agreement shall not be construed to prohibit the

2 parties from undertaking additional discovery as allowed by the Federal Rules of Civil

3 Procedure.

4                     (viii)   The parties will attempt to resolve any discovery

5 disputes that arise informally.  In the event that the dispute cannot be resolved informally,

6 the parties will submit a letter of one to three pages in length, unless the nature of the

7 dispute reasonably requires a longer recitation, setting forth the issue to be resolved.  The

8 parties will then contact the Court to establish an agreeable time when the Court may

9 agree to hear and resolve the dispute by telephone.

10       **l.**      **Service of Pleadings**

11       Pleadings will be filed electronically and deemed served upon filing.  The parties

12 will email a courtesy copy of all motions, oppositions and replies to the other counsel of

13 record.  Should exhibits exceed 100 pages, they will be served by overnight delivery.

14       Discovery and responses to discovery will be served only by email.  Discovery

15 propounded must be served by 5:00 p.m. Pacific time to count as service on a given date.

16 Discovery responses may be served until 11:59 p.m. Pacific time on the due date to be

17 timely.  Counsel served with discovery and responses to discovery will respond

18 "received" to confirm receipt as a courtesy to avoid confusion about service.

19 **7.**    **Dispositive Motions Schedule**

20       **a.**      **Before Class Certification**

21 Dispositive motions on the merits of the individual claims of the Named      5/15/2006
Plaintiffs and affirmative defenses to be filed by

22 Opposition to such dispositive motion(s) to be filed by      6/22/2006

23 Reply in support of dispositive motion(s) to be filed by      ~~7/15/2006~~

24 Hearing on dispositive motion(s) (on or after)      ~~8/15/2006~~

25

26

27

28

---

### b.    Class Certification

| | |
|---|---|
| Motion for Class Certification, to be filed by | ~~10/22/2006~~ [4] |
| Defendant's Opposition to Class Certification, to be filed by | 12/22/2006 |
| Plaintiffs' Reply to be filed by | ~~1/21/2007~~ |
| Hearing on Motion for Class Certification (on or after) | ~~2/21/200~~7 |

### 8.    Relief Sought

Declaratory, injunctive, monetary relief, and attorneys' fees are sought on behalf of Plaintiffs and the class. Discovery is required before Plaintiffs and the EEOC can address this issue in detail.

### 9.    ADR Efforts and Plan

Pursuant to Northern District Local Rule 16-8(b), all parties and their counsel, except plaintiff Robert Harris, have filed an ADR Certification, on a form established for this purpose by the Court, and have provided a copy to the ADR Unit of the Court.[5] The parties have agreed to mediation by a private mediator at an appropriate stage but have not agreed when that stage will be reached. No later than January 2006, the parties will confer in good faith about the timing of a mediation.

### 10.    Assignment to a Magistrate

Defendant does not consent to assignment to a Magistrate Judge. Plaintiffs and the EEOC would consider such an assignment.

### 11.    Proposed Deadlines

Deadlines for discovery, motions and class certification are set forth above. The parties will not be in a position to propose additional deadlines or predict the length of trial before a ruling on class certification.

---

[4] The parties have agreed that Plaintiffs will make their best efforts to serve the vast majority of their declarations and exhibits in support of their Motion for Class Certification by October 12, 2006.

[5] Plaintiffs' counsel have contacted Mr. Harris to get his signature on the ADR form.

**12.    Service List for Counsel**

For Plaintiffs:

> MORRIS J. BALLER (SB# 048928)
> ROBERTA L. STEELE (SB# 188198)
> NINA RABIN (SB# 229403)
> GOLDSTEIN, DEMCHAK, BALLER,
> BORGEN & DARDARIAN
> 300 Lakeside Dr., Suite 1000
> Oakland, CA  94612
> Telephone: (510) 763-9800
> Facsimile: (510) 835-1417

> PAUL STRAUSS (SB# 153937)
> ROBERT S. LIBMAN (SB# 139283)
> NANCY MALDONADO
> MINER, BARNHILL & GALLAND
> 14 W. Erie Street
> Chicago, IL  60610
> Telephone: (312) 751-1170
> Facsimile: (312) 751-0438

For Plaintiff-Intervenor EEOC:

> ROBERT UNITAS
> ERICA WHITE-DUNSTON
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 1801 L Street, N.W.
> Washington, D.C. 20507
> Phone:  (202) 663-4768
> Fax:  (202)  663-4196

For Defendant, Cintas Corporation:

> NANCY L. ABELL (SB# 88785)
> MARK W. ATKINSON (SB# 60472)
> HEATHER A. MORGAN (SB# 177425)
> JOSEPH W. DENG (SB# 179320)
> PAUL, HASTINGS, JANOFSKY & WALKER LLP
> 515 South Flower Street, Twenty-Fifth Floor
> Los Angeles, CA  90071-2228
> Telephone: (213) 683-6000
> Facsimile: (213) 627-0705

**13.    Other Items in Civil Local Rules**

Pursuant to Northern District Civil Local Rule 16-9(b), Plaintiffs provide the following additional information:

**a.** **The Specific Paragraphs of FRCP Rule 23 Under Which the Action is Maintainable as a Class Action**

At the liability stage of this case, before consideration of individual class members' entitlements to equitable relief including backpay and damages, Plaintiffs seek class certification pursuant to FRCP 23(b)(2).

**b.** **A Description of the Class or Classes in Whose Behalf the Action is Brought**

Plaintiffs allege in their Complaint that they seek to represent a class consisting of those persons listed below. However, Plaintiffs may re-evaluate and change that position before moving for class certification. Pursuant to the parties' stipulation, Plaintiffs may request class certification in this case for the following people only, unless Cintas agrees to revise that stipulation:

1.     Women who were allegedly denied hiring to Service Sales Representative ("SSR" or "driver") positions in Cintas's Rental Division during the limitations period;

2.     African Americans who were allegedly denied hiring to SSR positions in Cintas's Rental Division during the limitations period;

3.     Hispanics who were allegedly denied hiring to SSR positions in Cintas's Rental Division during the limitations period;

4.     African Americans who have held an SSR position in Cintas's Rental Division and who allegedly have been subjected to discriminatory practices with regard to SSR route assignments during the limitations period;

5.     African Americans who have held non-exempt positions in Cintas's Rental Division and who allegedly have been subjected to discriminatory compensation practices during the limitations period; and

6.     Hispanics who have held positions as exempt supervisors or managers in Cintas's Rental Division below the General Manager (or Branch Manager or equivalent) position who allegedly have been subjected to discriminatory practices with regard to opportunities for promotion out of those positions, and the scope and extent of their job assignments, during the limitations period.

7. Plaintiffs Cardoza and Avalos also seek to represent a subclass consisting of Hispanics who were allegedly denied hiring to SSR positions in Cintas's Rental Division facilities in California during the limitations period; and

8. Plaintiff Avalos seeks to represent a subclass of Women who were allegedly denied hiring to SSR positions in Cintas's Rental Division facilities in California during the limitations period.

**c.** **Facts Showing that Plaintiffs are Entitled to Maintain the Action Under FRCP Rule 23(a) and (b)**

Although description of the grounds for class certification, applying each of the elements of FRCP 23(a) and (b), would require more space than is available in this Report, Plaintiffs briefly submit:

Cintas has over 300 rental facilities and more than 27,000 employees. The class, and each subclass, is estimated to be more than large enough to satisfy the numerosity requirements of FRCP 23(a)(1).

The claims of the subclasses are subject to common questions of law and fact as required by FRCP 23(b)(2). Cintas's regional and national management controls operations at the rental facilities and provide directives with respect to recruitment, hiring, and other personnel practices. The Company requires managers to take courses in Cintas corporate culture; high-level managers regularly visit facilities and review personnel at those facilities. The result at the facility level is staffing that is remarkably similar from location to location, with minority and female employees largely excluded from higher-paying positions as drivers and managers, and, in the case of African American employees, being denied equal compensation in SSR and other non-exempt positions.

The claims of the named Plaintiffs are typical of those of each subclass as required by FRCP 23(b)(3). Each subclass is represented by at least one named Plaintiff who individually raises the same type of claim.

Plaintiffs are adequate class representatives under FRCP 23(a)(4) because they present individual claims that are typical of the claims of the subclass members and

1  because they have retained counsel who are capable of litigating and experienced in cases

2  of this kind.

3      Class certification is appropriate pursuant to FRCP 23(b)(2) at the liability stage,

4  where the issue is Cintas's liability with respect to class-wide claims and the

5  appropriateness of injunctive relief.  There are no questions of eligibility for individual

6  relief and damages at this stage.

7      Defendant Cintas contends that Plaintiffs will not establish the elements of FRCP

8  23(a) or (b).  The conduct challenged is not "generally applicable to the class, thereby

9  making appropriate final injunctive or corresponding declaratory relief with respect to the

10  class as a whole."  FRCP 23(b)(2).  Rule 23(b)(2) applies only where the primary relief

11  sought is declaratory or injunctive.  That is not the case here where Plaintiffs seek

12  significant monetary damages.  Individual issues predominate.

13  **14.    Interested Parties**

14      The following individuals and entities are known by the parties, or believed by one

15  of them, to have a financial interest in the subject matter or in a party to the proceeding, or

16  any other kind of interest that could be substantially affected by the outcome of the

17  proceeding.

18          Counsel of record for the parties, as listed in paragraph 12
            above.

19
          Named Plaintiffs:  Robert Ramirez, Robert Harris, Luis
20        Pocasangre Cardoza, Jose Salcedo, A. Shappelle Thompson,
          Coretta Silvers (formerly Vick), Blanca Nelly Avalos, and
21        Amy Severson

22          Intervenor:  Equal Employment Opportunity Commission

23          Defendant:  Cintas Corporation

24          Labor Unions:  UNITE (Union of Needletrades, Industrial and
            Textile Employees, AFL-CIO); International Brotherhood of
25        Teamsters AFL-CIO

26

27

28

Case No.  C04-0281-JSW                    -22-              JOINT CASE MANAGEMENT STATEMENT
                                                              AND PROPOSED ORDER

1    DATED:  June 2, 2005            Respectfully submitted,

2

                                  By:  /s/
3                                      PAUL STRAUSS

4                              Paul Strauss
                              Robert S. Libman
5                              Nancy Maldonado
                              MINER, BARNHILL & GALLAND
6                              14 W. Erie Street
                              Chicago, IL  60610
7                              Phone:  (312) 751-1170
                              Fax:  (312) 751-0438

8                              Morris J. Baller
                              Roberta L. Steele
9                              Nina Rabin
                              GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
10                            DARDARIAN
                              300 Lakeside Drive, Suite 1000
11                            Oakland, CA  94611
                              Phone:  (510) 763-9800
12                            Fax:  (510) 835-1417

13                            *Counsel for Plaintiffs Robert Ramirez, et al.*
    DATED:  June 2, 2005
14

15                                    By:  /s/
                                      ROBERT D. UNITAS
16
                            Robert D. Unitas
17                            Erica White-Dunston
                              EQUAL EMPLOYMENT OPPORTUNITY
18                            COMMISSION
                              1801 L Street, N.W.
19                            Washington, D.C. 20507
                              Phone:  (202) 663-4768
20                            Fax:  (202)  663-4196

21                            *Counsel for Plaintiff-Intervenor EEOC*

22

23

24

25

26

27

28

1   DATED:  June 2, 2005

2                                        By:   /s/
3                                              NANCY L. ABELL

4                                        Nancy L. Abell
                                         Mark W. Atkinson
5                                        Heather A. Morgan
                                         Joseph W. Deng
6                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                         515 South Flower Street, 25th Floor
7                                        Los Angeles, CA  90071-2228
                                         Phone:  (213) 683-6000
8                                        Fax:  (213) 627-0705

9                                        *Counsel for Defendant Cintas Corporation*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order. as modified by the Court. The deadlines proposed by the parties have been adopted with modifications set forth below.

A further case management conference is set for September 30, 2005 at 1:30 p.m.

~~IT IS SO ORDERED.~~

The deadline to file opening briefs on the need for more than one summary judgment motion shall be December 2, 2005. Opposition briefs are due on December 9, 2005. There shall be no replies unless ordered by the Court.

IT IS SO ORDERED

DATED: June 10, 2005

/s/ Jeffrey S. White

THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

The deadline to file opening briefs on the need for more than one summary judgment motion shall be December 2, 2005. Opposition briefs are due on December 9, 2005. There shall be no replies unless ordered by the Court.

The deadline to complete private mediation is May 15, 2006.

The deadline for non-expert interrogatories and document disocovery is 4/7/06. The deadline for completion of non-expert depositions is 4/7/06. The deadline for Plaintiffs and the EEOC to provide FRCP 26(a)(2) reports is 4/14/06. The deadline for Plaintiffs and the EEOC to make experts available for deposition is 5/22/06. The deadline to complete expert discovery is 10/10/06.

The deadline to file reply briefs on a dispositive motion is 7/14/06. The deadline to hear dispositive motions is Friday, August 18, 2006 at 9:00 a.m.

The deadline to file the motion for class certification is 10/23/06. The deadline to file the reply on the motion for class certification is 1/22/07. The deadline for hearing the motion for class certification is Friday, February 23, 2007 at 9:00 a.m.

IT IS SO ORDERED.