IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMIREZ, et al.<br><br>    Plaintiff,<br><br>v.<br><br>CINTAS CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 04-00281 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING ON EEOC'S MOTION TO AMEND COMPLAINT IN INTERVENTION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SET FOR OCTOBER 14, 2005:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. Except as expressly authorized below, the parties shall not file written responses to the questions posed in this notice.

The Court **tentatively GRANTS** the EEOC's motion to amend its complaint in intervention. The parties shall have fifteen (15) minutes to address the following questions:

1. When did the conciliation process end in the *Serrano* action?

2. Are the claims in the *Serrano* action identical to the claims raised by Ms. Avalos in this action? If not, what are the differences?

3. On September 6, 2005, Magistrate Judge Gadola granted leave to amend in the *Serrano* action, such that the *Serrano* action now includes allegations of a nationwide class of women with respect to Cintas' employment practices as to Sales Service Representatives ("SSRs"). The Court understands from the parties' case management conference statement that this decision is being appealed to the District Court judge. If the decision is upheld, what are the parties' views on the impact of the Court's decision to grant leave to amend in the *Serrano* action on the pending motion, especially in light of the fact that the *Serrano* action is the "first filed" action as to these claims? **As to this question only, the parties may submit a one page written response to the question prior to the hearing. This response shall be due on October 12, 2005 by 5:00 p.m. The parties will be given an opportunity to respond to these written positions at the hearing.**

4. One of the primary rationales underlying permissive intervention by the EEOC after a private party has initiated an action is to avoid duplicative litigation when "both actions find their genesis in one unlawful employment practice charge." *EEOC v. Missouri Pacific Railroad Company,* 493 F.2d 71, 74 (8th Cir. 1974). The EEOC asserts that the rationale does not apply here because the *Serrano* case and this case encompass two separate "charges." However, it seems to the Court that these charges had their "genesis in one unlawful employment practice," and there is no question that Cintas is now faced with duplicative litigation.

    a. Does the EEOC have any authority to suggest that when parallel private actions are pending, encompassing the same claims filed by different "charging" parties, it can choose the action in which wishes to intervene?

    b. Would Cintas oppose a motion to intervene in the *Serrano* action?

2

1   5. What prejudice will Cintas suffer if the Court grants the motion?

3   6. Does Cintas still intend to move to dismiss the EEOC from this action? If so, on what basis?

5   7. Are there any other issues the parties wish to address?

6   Dated: October 11, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE