**United States District Court**

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ROBERT RAMIREZ,

10          Plaintiff,                          No. C 04-00281 JSW

11   v.                                         **NOTICE OF QUESTIONS FOR
                                                HEARING ON CINTAS' MOTION
12   CINTAS CORPORATION,                        TO DISMISS PLAINTIFF
                                                MORGAN'S CLAIMS**
13          Defendant.
                                           /
14

15          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16   NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

17   OCTOBER 14, 2005:

18          The Court has reviewed the parties' memoranda of points and authorities and, thus, does

19   not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to

20   rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing

21   counsel of these authorities reasonably in advance of the hearing and to make copies available at

22   the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the

23   citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local

24   Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance

25   on such authority.

26          The Court **tentatively DENIES** Cintas' motion.  The parties each shall have fifteen (15)

27   minutes to address the following questions:

28

**United States District Court**

For the Northern District of California

1.    a.   In determining whether or not to enforce the choice of law provision, the Court must determine whether application of Ohio law would violate a fundamental California policy. Morgan argues that to apply Ohio law would violate California policy, but cites no conflicting Ohio law in support of his argument. *See* Opp. at 4-6. What Ohio authority, if any, is in conflict with the California case law cited by Morgan with respect to the three policies he claims would be violated by the application of Ohio law?

      b.   Cintas argues that *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005) did not hold that all class action waivers would be found to be unconscionable and cites to the portion of the opinion that states "classwide arbitration is only justified when 'gross unfairness would result from the denial of opportunity to proceed on a classwide basis.'" *Id.* at 168. What is Morgan's best argument as to why it would be grossly unfair to deny him the opportunity to proceed on a classwide basis? The Court wishes Morgan to focus his response taking into account the fact that statutory rights may be arbitrated, so long as he can effectively vindicate such rights in an arbitral forum, and in light of the fact that this is not a consumer class action case, where individual damages are likely to be so minimal as to deter individual litigation. *See Discover Bank*, 36 Cal. 4th at 168 (distinguishing *Gilmer* and noting that in ADEA cases large individual awards are commonplace).

2.   Does Cintas agree that the UCL claim, to the extent it seeks injunctive relief, is not arbitrable under California law? If the Court were to alter its tentative ruling and grant the motion to compel arbitration, would Cintas object to severing this aspect of Morgan's claims from the remainder of his claims?

3.   The Court found it significant that the 1999 and 2002 versions of the arbitration agreement expressly capped the fees an employee could incur in connection with arbitration.

      a.   What is Cintas' best argument that the costs issue would not preclude Morgan from effectively vindicating statutory rights? As to this question, the Court does not find it relevant that Cintas has agreed, for now, to front the costs associated with the Salcedo arbitration. *See, e.g., Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 676 (6th Cir. 2003) ("In considering the ability of plaintiffs to pay arbitration costs under an

2

**United States District Court**

For the Northern District of California

arbitration agreement, reviewing courts should not consider after-the-fact offers by employers to pay the plaintiff's share of the arbitration costs where the agreement itself provides that the plaintiff is liable, at least potentially for arbitration fees and costs.").

b.   Would Morgan agree that if California law does apply, under *Armendariz*, and if the Court considers the 2003 Arbitration Agreement to be silent on the question of costs that fact would not in and of itself "be grounds for denying the enforcement of the arbitration agreement?" *Armendariz*, 24 Cal. 4th at 113.

c.   The 2003 Arbitration Agreement states that it is governed by the AAA's National Rules for Resolution of Employment Disputes.  Those rules have two provisions for fees. (*See* Declaration of Nina Rabin, Ex. 2.)  It seems to the Court that this case would fall under the rubric of disputes arising out of individually-negotiated employment agreements and contracts, which provides for a sliding scale of filing and service fees depending upon the amount of the claim.  Given this fact, why has Morgan not met his burden to show that individual arbitration would be prohibitively expensive?  Even if the Court concludes that Morgan has met his burden on this point, why should it not compel arbitration subject to the condition that Cintas pay all costs unique to arbitration?  *See, e.g., Morrison,* 317 F.3d at 674-75 (finding cost-splitting provision unenforceable but severing that provision of arbitration agreement); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1085 (2003) (concluding on remand that court compelling arbitration should require employer to pay all costs unique to arbitration).

Dated:  October 12, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3