1 NANCY L. ABELL (SB# 88785) *nancyabell@paulhastings.com*
ELENA R. BACA (SB# 160564) *elenabaca@paulhastings.com*
2 HEATHER A. MORGAN (SB# 177425) *heathermorgan@paulhastings.com*
JOSEPH W. DENG (SB# 179320) *josephdeng@paulhastings.com*
3 PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
4 Twenty-Fifth Floor
Los Angeles, CA  90071-2228
5 Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
6

Attorneys for Defendant
7 CINTAS CORPORATION

8 *Plaintiffs' Counsel Listed on Next Page*

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13 ROBERT RAMIREZ, ROBERT                CASE NO. C04-0281-JSW
   HARRIS, LUIS POCASANGRE
14 CARDOZA, JOSE SALCEDO, A.             [RELATED TO CASE NO. C05-03145-JSW]
   SHAPPELLE THOMPSON,
15 CORETTA SILVERS (formerly            JOINT STIPULATION OF DISMISSAL OF
   VICK), SANDRA EVANS, BLANCA          PLAINTIFF LUIS POCASANGRE CARDOZA'S
16 NELLY AVALOS, JAMES MORGAN           CLAIMS WITH PREJUDICE AND [PROPOSED]
   and ANTHONY JONES, on behalf of      ORDER
17 themselves and all others similarly
   situated,
18
                   Plaintiffs,
19
            vs.
20
   CINTAS CORPORATION,
21
                   Defendant.
22

23 EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION,
24
                   Plaintiff/Intervenor.
25

26

27

28

JOINT STIPULATION OF DISMISSAL OF
                                                           PLAINTIFF LUIS POCASANGRE CARDOZA'S

1    MORRIS J. BALLER (SB# 048928)
     ROBERTA L. STEELE (SB# 188198)
2    NINA RABIN (SB# 229403)
     GOLDSTEIN, DEMCHAK, BALLER,
3          BORGEN & DARDARIAN
     300 Lakeside Dr., Suite 1000
4    Oakland, CA  94612
     Telephone:  (510) 763-9800
5    Facsimile:  (510) 835-1417

6    PAUL STRAUSS (SB# 153937)
     ROBERT S. LIBMAN (SB# 139283)
7    NANCY MALDONADO
     MINER, BARNHILL & GALLAND
8    14 W. Erie Street
     Chicago, IL  60610
9    Telephone:  (312) 751-1170
     Facsimile:  (312) 751-0438
10

11   Attorneys for Plaintiffs ROBERT RAMIREZ, et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

262

7

28

JOINT STIPULATION OF DISMISSAL OF
PLAINTIFF LUIS POCASANGRE CARDOZA'S

1

**RECITALS**

2

3

    WHEREAS, on August 3, 2005, Plaintiff Luis Pocasangre Cardoza

4

("Cardoza") filed his Fourth Amended Complaint ("FAC") asserting claims on behalf of

5

himself and as a putative class representative for certain present and former employees of

6

Defendant Cintas Corporation ("Cintas");

7

8

    WHEREAS, in the FAC, Cardoza individually asserted claims under the

9

Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991

10

("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., as

11

amended ("Title VII"), California Fair Employment and Housing Act, California

12

Government Code § 12940, *et seq.* ("FEHA"), and Business and Professions Code

13

§ 17200, *et seq*. ("Section 17200"), specifically contending that Cintas refused to hire and

14

then promote him to a driver ("Sales Service Representative" or "SSR") position because

15

of his race (Hispanic) and national origin (El Salvador) (FAC ¶ 6), and that he resigned on

16

or about August 6, 2003 as a result of that discrimination;

17

18

    WHEREAS, in the FAC, Cardoza sought to assert claims as a class

19

representative for Hispanics who allegedly were discriminated against by Cintas's

20

decisions not to hire or promote them to the SSR position in Cintas' Rental Division in

21

violation of Section 1981, Title VII, FEHA and Section 17200 (FAC ¶¶ 33-40, 48(c),

22

49(b));

23

24

    WHEREAS, Cardoza does not have standing to assert any of the claims he

25

has alleged in his FAC because:

262

7

28

Case No. C04-0281-JSW

(1)  Cardoza filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in  the United States Bankruptcy Court for the Northern District of California, Case No. 05-42541, on May 11, 2005;

(2)  In his Voluntary Petition Cardoza represented to the Court that he had no "suits and administrative proceedings, executions, garnishments and attachments"; and

(3)  The Bankruptcy Court issued a Discharge of Debtor and Final Decree on August 2, 2005, based on Cardoza's representations.

WHEREAS, Cardoza intends to dismiss both his individual and class claims and therefore cannot serve as a class representative for any form of relief sought on behalf of the putative class described in paragraphs 48(c) and 49(b) of the FAC; and

WHEREAS, Cardoza has agreed to dismiss with prejudice his individual and class claims against Cintas in exchange for Cintas' waiver of its right to recover costs against Cardoza pursuant to Federal Rule of Civil Procedure 54(d).

**STIPULATION**

THE PARTIES, BY AND THROUGH THEIR COUNSEL, HEREBY STIPULATE AS FOLLOWS:

1.    Plaintiff Luis Pocasangre Cardoza ("Cardoza") withdraws as a named, representative plaintiff and dismisses with prejudice his class claims for the putative class of Hispanic applicants and Hispanic employees in Cintas' Rental Division who contend they were denied hiring or promotion to driver ("SSR") positions in violation of Section 1981, Title VII, FEHA and Section 17200;

1

2          2.    Cardoza dismisses with prejudice his individual claims for

3   discriminatory failure to hire and failure to promote in violation of Section 1981, Title VII,

4   FEHA and Section 17200, and for a resignation resulting from discrimination;

5

6          3.    Plaintiffs' counsel will not include any attorneys' fees or costs incurred

7   as part of maintaining Cardoza's individual claims (or the class claims Cardoza has

8   asserted if there is no adequate class representative to represent the putative class

9   described in paragraphs 48(c) and 49(b) of the FAC), should they later apply for an award

10  of attorneys' fees or costs in this litigation.  However, if Plaintiffs or Plaintiffs' counsel

11  apply for an award of attorneys' fees and costs, this stipulation will not preclude them

12  from arguing that some portion of the time and costs spent on the class claims asserted by

13  Cardoza should be allocated to a claim on which Plaintiffs prevailed (including a claim of

14  discrimination in hiring for the SSR job, if Plaintiffs prevail on that claim); nothing in this

15  stipulation will preclude Defendant from asserting any legal arguments in opposition to

16  such an allocation; and nothing in this stipulation will preclude the Court from ruling that

17  such an allocation should or should not be made; and

18         4.    Cintas waives its right to recover costs against Plaintiff  Luis

19  Pocasangre Cardoza after the dismissal of his individual and putative class claims as

20  permitted by Federal Rule of Civil Procedure 43(d).

21

22

23

24

25

26

27

28

1    DATED: MARCH 8, 2006              Respectfully submitted,

2

3                                     By: /S/ MORRIS J. BALLER_____
                                           MORRIS J. BALLER
4

5                                     Morris J. Baller
6                                     Roberta L. Steele
                                      Nina Rabin
7                                     GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                      DARDARIAN
8                                     300 Lakeside Drive, Suite 1000
                                      Oakland, CA  94611
9                                     Phone:  (510) 763-9800
                                      Fax:  (510) 835-1417
10
                                      Paul Strauss
11                                    Robert S. Libman
                                      Nancy Maldonado
12                                    MINER, BARNHILL & GALLAND
                                      14 W. Erie Street
13                                    Chicago, IL  60610
                                      Phone:  (312) 751-1170
14                                    Fax:  (312) 751-0438

15                                    *Counsel for Plaintiffs Robert Ramirez, et al.*

16

17                                    By:/S/ NANCY L. ABELL_____
     DATED: MARCH 8, 2006                  NANCY L. ABELL
18

19                                    Nancy L. Abell
                                      Elena R. Baca
20                                    Heather A. Morgan
                                      Joseph W. Deng
21                                    PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      515 South Flower Street, 25th Floor
22                                    Los Angeles, CA  90071-2228
                                      Phone:  (213) 683-6000
23                                    Fax:  (213) 627-0705

24                                    *Counsel for Defendant Cintas Corporation*

25

262

7

28

**ORDER**

BASED ON THE PARTIES' STIPULATION AND GOOD CAUSE APPEARING THEREFORE, this Court finds that Plaintiff Luis Pocasangre Cardoza may not represent the alleged class of Hispanic applicants who contend that they were discriminated against when they were not hired, and the alleged class of Hispanic employees who contend that they were discriminated against when they were not promoted, to driver ("SSR") positions in Cintas' Rental Division in violation of Section 1981, Title VII, FEHA and Section 17200 as set forth in the Fourth Amended Complaint at paragraphs 33-40, 48(c), and 49(b); on this basis the Court DISMISSES WITH PREJUDICE Plaintiff Luis Pocasangre Cardoza's claims on behalf of this alleged class.

This Court DISMISSES WITH PREJUDICE Plaintiff Luis Pocasangre Cardoza's individual claims that Cintas has violated Section 1981, Title VII, FEHA and Section 17200 by allegedly refusing to hire him as an SSR and refusing promote him to an SSR position because of his race (Hispanic) and national origin (El Salvador), and by causing him to resign as a result of discrimination.

The Court also finds that Plaintiffs' counsel is not entitled to recover any amount in attorneys' fees and costs attributable to pursuing Cardoza's individual claims herein (or the class claims Cardoza has asserted if there is no adequate class representative to represent the putative class described in paragraphs 48(c) and 49(b) of the FAC).

The parties have agreed that Plaintiffs' counsel will not include any attorneys' fees or costs incurred as part of maintaining Cardoza's individual claims (or the class claims Cardoza has asserted if there is no adequate class representative to represent the putative class described in paragraphs 48(c) and 49(b) of the FAC), should they later apply for an award of attorneys' fees or costs in this litigation. However, if Plaintiffs or

Plaintiffs' counsel apply for an award of attorneys' fees and costs, this Order will not preclude them from arguing that some portion of the time and costs spent on the class claims asserted by Cardoza should be allocated to a claim on which Plaintiffs prevailed (including a claim of discrimination in hiring for the SSR job, if Plaintiffs prevail on that claim); and nothing in this Order will preclude Defendant from asserting any legal arguments in opposition to such an allocation.

Finally, Cintas may not recover costs against Plaintiff Luis Pocasangre Cardoza.

IT IS SO ORDERED.

DATED:  March 9      , 2006      _____

HONORABLE JEFFREY S. WHITE
United States District Judge

LEGAL_US_W # 53259394.3