1  Morris J. Baller (CA SB #048928)
   Roberta L. Steele (CA SB #188198)
2  Joseph E. Jaramillo (CA SB #178566)
   GOLDSTEIN, DEMCHAK, BALLER,
3      BORGEN & DARDARIAN
   300 Lakeside Dr., Suite 1000
4  Oakland, CA  94612
   (510) 763-9800 (telephone)
5  (510) 835-1417 (facsimile)

6  Paul Strauss (CA SB #153937)
   Sharon Legenza, *Pro Hac Vice* (IL SB #6207311)
7  MINER, BARNHILL & GALLAND
   14 W. Erie Street
8  Chicago, IL  60610
   (312) 751-1170 (telephone)
9  (312) 751-0438 (facsimile)

10 Attorneys for Plaintiffs

11 Robert D. Unitas (MA)
   Erica D. White-Dunston (MD)
12 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   1801 L Street N.W.
13 Washington, DC  20507
   (202) 663-4768 (telephone)
14 (202) 663-4196 (facsimile)

15 Attorneys for Plaintiff-Intervenor

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  ROBERT RAMIREZ, et al., on behalf of themselves and all others similarly situated, | Case No. C04-0281-JSW |
| 19        Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER REGARDING TRANSFER OF PLAINTIFFS JONES' AND AVALOS' TITLE VII AND SECTION 1981 CLAIMS AND EEOC INTERVENTION COMPLAINT TO THE EASTERN DISTRICT OF MICHIGAN, DISMISSAL OF PLAINTIFF AVALOS' STATE LAW CLAIMS, AND STAY OF PLAINTIFF RAMIREZ' CLAIMS PENDING ARBITRATION** |
| 20  and | |
| 21  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| 22 | |
| 23        Plaintiff-Intervenor, | |
| 24  vs. | |
| 25  CINTAS CORPORATION, | |
| 26        Defendants. | |

1    WHEREAS, there are two pending class action cases alleging discrimination in the hiring and recruitment of service sales representatives ("SSRs") at Cintas Corporation ("Cintas"): the above-captioned matter pending before this Court ("Ramirez") involving claims made, pursuant to Title VII and Section 1981, based on sex, race, and national origin; and Serrano v. Cintas Corp., File No. 04-cv-40132 ("Serrano"), pending in the United States District Court for the Eastern District of Michigan before the Honorable Paul V. Gadola, involving claims made, pursuant to Title VII, based on sex;

WHEREAS, the Equal Employment Opportunity Commission ("EEOC") has intervened and filed complaints in intervention in both the Serrano and Ramirez actions on behalf of women who were denied hire and recruitment for SSR positions because of their gender;

WHEREAS, both this case and the Serrano case involve class allegations that Cintas discriminated against women in hiring and recruitment for SSR jobs;

WHEREAS, all parties have conferred and agree that the transfer and consolidation of the SSR hiring and recruitment claims in one court, from Ramirez to Serrano, is in the interests of all parties and advances judicial economy and the efficient use of resources by all parties because: (i) the transfer and consolidation of the claims from Ramirez eliminates a situation in which there are two overlapping cases pending in two different federal courts, both alleging discrimination in hiring and recruitment of SSRs and both brought as class actions; (ii) the transfer and consolidation of the claims from Ramirez will end the current situation in which Cintas is subject to discovery in two cases that is often overlapping and/or covers the same facts; (iii) the transfer and consolidation of the claims from Ramirez will eliminate the possibility of inconsistent rulings and verdicts, in that all claims involving alleged gender discrimination in hiring and recruitment at Cintas for SSR positions will be litigated together, and Plaintiffs will submit one motion for class certification on behalf of female applicants in one court, rather than two overlapping class certification motions at two separate times in two separate courts; (iv) pursuant to the parties' stipulations, all state law claims will be dismissed with prejudice and will not be asserted in the consolidated actions in Serrano; and (v) pursuant to the parties' stipulation, the only remaining claims in Ramirez will be referred to arbitration;

1  WHEREAS, the parties agree and respectfully submit that it is lawful, appropriate, and efficient for the claims made, pursuant to Title VII and Section 1981, by Plaintiffs Anthony Jones and Blanca Nelly Avalos in Ramirez to be transferred from the United States District Court for the Northern District of California to the Eastern District of Michigan and consolidated with the Serrano case, because: (i) no questions of jurisdiction are implicated by this transfer; (ii) Cintas waives any venue arguments it might otherwise have to the Eastern District of Michigan's taking venue under such doctrines as the pendent venue doctrine; (iii) the transfer and consolidation creates no prejudice to Cintas (which is subject to jurisdiction in both fora), the EEOC (which is already litigating in both fora), or the private plaintiffs or the classes they seek to represent; and (iv) the parties stipulate that conditions for consolidation, in these circumstances, are satisfied;

NOW, THEREFORE, THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1. The parties stipulate and jointly move this Court to transfer the individual and class claims in Ramirez made by Plaintiffs Jones and Avalos, pursuant to Title VII and Section 1981, to the United States District Court for the Eastern District of Michigan and stipulate that those claims and Serrano should be designated as related cases and that Jones' and Avalos' Title VII and Section 1981 claims should be consolidated with the Serrano action. Jones and Avalos may assert their claims in a separate complaint. The relevant limitations period for Plaintiff Jones' and Avalos' gender, race and national origin class hiring claims will be governed by applicable law in the jurisdiction where originally filed. With respect to the gender claims of Plaintiff Avalos and any class of individuals denied hire into SSR positions in the Rental Division which she may solely represent, the limitations period for such claims will not be affected by the transfer or consolidation of the cases. It is agreed that Plaintiffs Jones and Avalos will not seek to use Mirna Serrano's EEOC charge as a basis for establishing the limitations period for claims of race or national origin hiring discrimination for SSR positions at Cintas' Rental Division.

2. The parties stipulate and jointly move this Court to transfer the EEOC's complaint in intervention, presently pending in the Ramirez case, to the United States District Court for the Eastern District of Michigan and stipulate that the EEOC's complaint in Ramirez should be designated as a related case and consolidated with the Serrano action.

3.       As a result of the transfer and anticipated consolidation of the <u>Ramirez</u> and <u>Serrano</u> hiring and recruitment claims, the following claims will be asserted before the <u>Serrano</u> Court: claims on behalf of African Americans and Hispanics for disparate treatment and disparate impact under Title VII in hiring for SSR positions at Cintas' Rental Division, claims on behalf of African Americans and Hispanics for disparate treatment under Section 1981 in hiring for SSR positions at Cintas' Rental Division, and claims on behalf of women for disparate treatment and disparate impact under Title VII in hiring and recruitment for SSR positions at Cintas as a whole. The following individuals would be Plaintiffs in the consolidated action: Mirna Serrano, Linda Allen, and Stefanie McVay (three named plaintiffs in the <u>Serrano</u> action), and Anthony Jones and Blanca Nelly Avalos (two named plaintiffs in the <u>Ramirez</u> action). With respect to Plaintiffs Jones and Avalos and any class they seek to represent, nothing in this Stipulation modifies the <u>Ramirez</u> parties' stipulation and the Court's Order entered on June 10, 2005, at page 20, which remains in full force and effect and states in pertinent part: "Pursuant to the parties' stipulation, Plaintiffs may request class certification in this case for the following people only, unless Cintas agrees to revise that stipulation: 1. Women who were allegedly denied hiring to Sales Service Representative ("SSR" or "driver") positions in Cintas's Rental Division during the limitations period; 2. African Americans who were allegedly denied hiring to SSR positions in Cintas's Rental Division during the limitations period; and 3. Hispanics who were allegedly denied hiring to SSR positions in Cintas's Rental Division during the limitations period . . . ." Nor does anything in this Stipulation preclude Plaintiffs from taking discovery with regard to Cintas' recruitment practices for SSR positions, from claiming that recruitment practices resulted in hiring discrimination for SSR positions, or from seeking injunctive relief with respect to Cintas' recruitment practices for SSR positions.

4.       This agreement does not prevent <u>Ramirez</u> counsel from seeking to intervene as additional plaintiffs Colleen Grindle, Ruthie Richardson and Dawn Stevenson in the consolidated matter to assert Title VII claims alleging gender discrimination in filling SSR positions at Cintas. Cintas reserves all rights to oppose such an intervention. The parties agree, however, that Plaintiffs will not seek to add or assert any state law claims or other claims in the

consolidated matter and will not seek to intervene with respect to any additional claim or issue. Consistent with the Stipulation and Order entered on October 29, 2004 in Ramirez:

   a.   This Stipulation shall not limit the Plaintiffs' right to pursue the individual federal claims that are alleged for them in their last-filed amended complaints. This Stipulation also shall not limit the named Plaintiffs' rights to file a motion to amend their individual allegations and federal claims. Cintas's right to oppose Plaintiffs' individual claims and oppose a motion to amend also shall not be limited by this Stipulation.

   b.   Nothing in this Stipulation shall preclude Plaintiffs from moving to add herein as a named plaintiff in the future any claimant who has a claim of discrimination that is within one of the categories listed above in paragraph 3. Nothing in this Stipulation will limit Cintas' right to oppose a motion to add an additional named plaintiff or a claim asserted by a new named plaintiff.

   c.   Nothing in this Stipulation shall preclude counsel for Plaintiffs from filing a different lawsuit in the future with different parties and claims.

   d.   The limits described in this Stipulation on the claims that may be pursued on a class or representative basis shall not apply to claims asserted in a different lawsuit, if that case is consolidated with this one pursuant to a motion by Cintas or pursuant to an order of the Court that was not requested by any of the parties.

   5.   Plaintiff Avalos' California state law claims currently pending in the Ramirez action will be dismissed with prejudice concurrent with the transfer of her Title VII and Section 1981 claims to the Eastern District of Michigan.

   6.   The parties stipulate and jointly move that all claims of Plaintiff Robert Ramirez, including, but not limited to, his pay, promotion, and termination claims, be stayed in this Court and referred to arbitration. The parties agree that (i) Plaintiff Ramirez will make a demand for arbitration in the Northern District of California for all of his claims arising out of or related to his allegations in the Fourth Amended Complaint; (ii) Plaintiff Ramirez' claims will be related to the arbitration pending before the American Arbitration Association, In re: Jose Salcedo, et al. v. Cintas, AAA No.: 11 160 01119 05, Honorable Eugene Lynch presiding; and

1  (iii) Plaintiff Ramirez' claims are stayed in this Court pending completion of the arbitration
2  proceeding. The parties further stipulate that the arbitration terms (paragraphs 4 and 5) of the
3  Employment Agreement executed by Plaintiff Jose Salcedo and Cintas Corporation in November
4  1999 will be deemed to apply to the arbitration of Plaintiff Ramirez' claims.

5        7.      To facilitate the transfer and anticipated consolidation of Plaintiffs Jones'
6  and Avalos' claims with Serrano, the parties will immediately move this Court to amend the
7  terms of the previously executed protective order in the above-captioned matter to allow all
8  Plaintiffs' counsel (along with their associate attorneys and paralegal and clerical staff, whether
9  counsel for private plaintiffs or the EEOC, and whether in the Ramirez or Serrano matter) to
10 share, use, and discuss all discovery, whether originally produced in the Ramirez or Serrano
11 matter. Further, the parties stipulate that they have filed or will file concurrent with this
12 stipulation, for the Serrano Court's approval, a revised agreed protective order that has amended
13 terms to allow all Plaintiffs' counsel (along with their associate attorneys and paralegal and
14 clerical staff, whether counsel for private plaintiffs or the EEOC, and whether in the Ramirez or
15 Serrano matter) to share, use, and discuss all discovery, whether originally produced in the
16 Ramirez or Serrano matter. However, the Ramirez plaintiffs' counsel and the EEOC agree to use
17 best efforts to segregate from and not provide to the Serrano plaintiffs' counsel those applicant
18 flow logs that contain only information about positions other than SSR or SSR-in-Training that
19 have been produced in Ramirez, unless and until (i) the parties agree otherwise, or (ii) the Court
20 determines, upon motion for good cause, that such discovery may be shared between and amongst
21 the plaintiffs' counsel and the EEOC.

22       8.      It is also hereby understood by and agreed to among all parties that, during
23 the pendency of the Court's consideration of this stipulation, discovery in the Ramirez and
24 Serrano actions shall proceed according to the existing case management schedules entered in
25 each of the actions.

26       9.      The parties represent that they are submitting a courtesy copy of this
27 Stipulation and Proposed Order to Judge Gadola. In addition, the parties are providing this
28 Honorable Court with courtesy copies of the Stipulated Proposed Order of Consolidation and

1  Stipulated Proposed Consolidated Discovery and Scheduling Order that they intend to file with
2  the <u>Serrano</u> Court relating to the transfer and proposed consolidation, which are attached hereto as
3  Exhibit A and B, respectively.

5  Dated: May 5, 2006                /s/ Paul Strauss
                                     Paul Strauss (CA SB# 153937)
6                                    pstrauss@lawmbg.com
                                     Sharon Legenza, *Pro Hac Vice* (IL SB #6207311)
7                                    slegenza@lawmbg.com
                                     MINER, BARNHILL & GALLAND
8                                    14 W. Erie Street
                                     Chicago, IL  60610
9                                    (312) 751-1170 (telephone)
                                     (312) 751-0438 (facsimile)

12 Dated: May 5, 2006                /s/ Morris J. Baller
                                     Morris J. Baller (CA SB# 048928)
13                                   mjb@gdblegal.com
                                     Roberta L. Steele (CA SB# 188198)
14                                   rls@gdblegal.com
                                     Joseph E. Jaramillo (CA SB# 178566)
15                                   jej@gdblegal.com
                                     GOLDSTEIN, DEMCHAK, BALLER,
16                                       BORGEN & DARDARIAN
                                     300 Lakeside Drive, Suite 1000
17                                   Oakland, CA  94612
                                     (510) 763-9800 (telephone)
18                                   (510) 835-1417 (facsimile)

19                                   ATTORNEYS FOR PLAINTIFFS

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: May 5, 2006 | /s/ Robert D. Unitas |
| | | Robert D. Unitas (MA) |
| | | robert.unitas@eeoc.gov |
| 4 | | Senior Trial Attorney, Systemic Litigation Services |
| | | Erica D. White-Dunston (DC, MD) |
| 5 | | erica.white-dunston@eeoc.gov |
| | | Trial Attorney,  Systemic Litigation Services |
| 6 | | EQUAL EMPLOYMENT OPPORTUNITY |
| | |    COMMISSION |
| 7 | | 1801 L. Street N.W. |
| | | Washington, DC  20507 |
| 8 | | (202) 663-4768 (telephone) |
| | | (202) 663-4196 (facsimile) |
| 9 | | |
| | | ATTORNEYS FOR PLAINTIFF-INTERVENOR |
| 10 | | |
| 11 | | |
| 12 | Dated: May 5, 2006 | /s/ Nancy L. Abell |
| | | Nancy L. Abell (CA SB# 88785) |
| | | nancyabell@paulhastings.com |
| 13 | | Elena Baca (CA SB# 160564) |
| | | elenabaca@paulhastings.com |
| 14 | | Stephen P. Sonnenberg (CA SB# 164881) |
| | | stephensonnenberg@paulhastings.com |
| 15 | | Heather A. Morgan (CA SB# 177425) |
| | | heathermorgan@paulhastings.com |
| 16 | | Joseph W. Deng (CA SB# 179320) |
| | | josephdeng@paulhastings.com |
| 17 | | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | | Twenty-Fifth Floor |
| 18 | | 515 South Flower Street |
| | | Los Angeles, CA  90071-2228 |
| 19 | | (213) 683-6000 (telephone) |
| | | (213) 627-0705 (facsimile) |

- 7 -

**STIPULATION AND [PROPOSED] ORDER REGARDING TRANSFER AND STAY OF CLAIMS – CASE NO. C04-0281-JSW**

## ORDER

The Court has considered the above Stipulation, and finds that it is in the interests of all parties and in the service of judicial economy that the claims presently asserted by Plaintiffs Jones and Avalos of discrimination against African Americans, Hispanics and women in hiring and recruitment of SSR's in Cintas' Rental Division, made pursuant to Title VII and Section 1981 in this matter, be transferred to the United States District Court for the Eastern District of Michigan.

It is therefore ORDERED that:

1. All of the individual claims of Plaintiffs Jones and Avalos and their class claims of discrimination against African Americans, Hispanics and women in hiring for SSR positions at Cintas' Rental Division, made pursuant to Title VII and Section 1981, are hereby transferred to the United States District Court for the Eastern District of Michigan and, by agreement of the parties, will be submitted to Judge Gadola for proposed consolidation with the Serrano action.

2. The EEOC's complaint in intervention presently pending in this Court is hereby transferred to the United States District Court for the Eastern District of Michigan and, by agreement of the parties, will be submitted to Judge Gadola for proposed consolidation with the Serrano action.

3. The California state law claims of Plaintiff Avalos are hereby dismissed with prejudice.

4. The claims of Plaintiff Ramirez, including, but not limited to, his pay, promotion, and termination claims alleged in the Fourth Amended Complaint, are stayed pending arbitration and referred to arbitration in the Northern District of California to be related, by agreement of the parties, to the arbitration pending before the American Arbitration Association, In re: Jose Salcedo, et al. v. Cintas, AAA No.: 11 160 01119 05, Honorable Eugene Lynch presiding. The claims of Plaintiffs Ramirez, Salcedo, Thompson, Silvers (formerly Vick), and Morgan all have been ordered to arbitration and are stayed in this Court pending the completion of arbitration (as are the claims of Plaintiffs Houston and Cooper in the related case of Houston, et al. v. Cintas Corp., Case No. C05-03145-JSW). Except as expressly provided by this Order, all other claims asserted in this action have been or are hereby dismissed.

1  IT IS SO ORDERED THIS ~~11th~~ 11th day of May, 2006.

_____
Hon. Jeffrey S. White
United States District Judge

LEGAL_US_W # 53565220.2