IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT RAMIREZ, *et al.*, on behalf of themselves and others similarly situated, | ) No. C 04-00281 JSW |
| | ) |
| Plaintiffs, | ) STIPULATED [PROPOSED] |
| | ) CONSOLIDATED |
| EQUAL EMPLOYMENT OPPORTUNITY | ) CONFIDENTIALITY |
| COMMISSION, | ) AGREEMENT AND AGREED |
| | ) PROTECTIVE ORDER |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) The Honorable Jeffrey S. White |
| | ) |
| CINTAS CORPORATION, an Ohio corporation, | ) Complaint filed: January 20, 2004 |
| | ) |
| Defendant. | ) Trial date:  none set |

The parties in this case have moved, and this Court has ordered, that certain claims in this matter to be transferred to the United States District Court for the Eastern District of Michigan, that other claims be referred to arbitration, and that plaintiff Avalos' California state-law claims be dismissed.  The parties have also agreed to submit to the Court overseeing a related case, entitled *Serrano, et al. v. Cintas Corp.* ("*Serrano*"), that the transferred claims be consolidated with that case.  *See* stipulation and order regarding transfer of plaintiffs Jones' and Avalos' Title VII and Section 1981 claims and EEOC intervention complaint to the Eastern District of Michigan, dismissal of plaintiff Avalos' state-law claims, and stay of plaintiff Ramirez' claims pending arbitration.  To facilitate the transfer and anticipated consolidation with *Serrano*, the parties seek to amend the stipulated confidentiality agreement and agreed protective order previously entered here.  An amended protective order essentially the same as the one below will be filed for the *Serrano* court's approval if the transfer and anticipated consolidation are approved.  If this occurs, the parties will apply to the *Serrano* court for enforcement of and/or relief from any amended protective order related to the transferred claims.

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential and private information incorporating proprietary data, know-how, trade secrets, other valuable commercial

1   information, and confidential and private information concerning parties, witnesses, and persons not

2   party to this action.  Accordingly, the parties to the above-captioned action, *Ramirez, et al. v.*

3   *Cintas Corp.* ("*Ramirez*"), by and through their respective attorneys, stipulate and agree to the

4   following terms and conditions in order to safeguard confidential information that may be disclosed in

5   the course of this action.

6          IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with

7   respect to information, documents or things produced or otherwise disclosed in this litigation:

8   1.  Definitions.

9          (a)  *Confidential information*:  As used herein, "confidential information" shall mean any

10   information, documents, testimony or other things furnished in the course of this litigation containing

11   proprietary and/or personnel information that any party, in good faith, deems confidential and

12   designates as "CONFIDENTIAL" pursuant to the procedures set forth below.  The term shall

13   include information, documents, testimony or other things obtained by any party from a third party via

14   subpoena, deposition, or other discovery.  The term "documents" shall be broadly construed to

15   include information that is recorded in any form, including but not limited to hard copy, electronic

16   copy and video.  CONFIDENTIAL information does not include information that lawfully has been

17   publicly disclosed.  Where a party lawfully has or receives information or documents from a person

18   or entity not a party to this case, and where the information is not provided pursuant to a subpoena,

19   deposition, or other discovery proceeding in this litigation, that information will not be treated as

20   CONFIDENTIAL, except that:  (1) any party may retroactively designate as "CONFIDENTIAL"

21   any information obtained or received by another party from a person or entity not a party to this case

22   if the designating party believes the information was unlawfully obtained or received by the person or

23   entity not a party to this case.  (In such circumstances, the party who or which obtained the

24   information from the third person may seek relief from the "CONFIDENTIAL" designation pursuant

25   to ¶10 of this protective order); and (2) information maintained or received by a party's present or

26   prior vendors may be designated as "CONFIDENTIAL" if it is produced by a party or vendor in this

27   litigation.

28

(b) *Attorneys' eyes only information.*  Any confidential document or testimonial information produced by any party which contains trade secrets or private, confidential information with respect to any of the plaintiffs in the consolidated cases, class members, Cintas, Cintas's employees or former employees, and other witnesses may be designated in writing as "ATTORNEYS' EYES ONLY" or "ATTORNEY'S EYES ONLY" (individually and collectively "ATTORNEYS' EYES ONLY").  The term "trade secrets" as used herein means information that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use.  "Trade secrets" also means sensitive financial information integral to the business operations of a party for which the party has a demonstrably compelling interest in avoiding disclosure.  Designation of information as "ATTORNEYS' EYES ONLY" means that the information is also designated as CONFIDENTIAL, as defined in this protective order. Examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include, but are not limited to:

(1)     proprietary information containing trade secrets of a party;

(2)     personnel information incorporating trade secrets of a party;

(3)     marketing and business plans of a party;

(4)     confidential information that individually identifies any current or prospective customer or supplier; and

(5)     private, confidential information as defined below.

As used herein, "trade secrets" does not include the location of Cintas facilities that employ SSRs ("SSR facilities"); the numbers used to refer to Cintas's SSR facilities; the names and location of companies that have been acquired by or merged with Cintas; job descriptions and other materials posted or distributed to potential applicants (internal or external to the company) to advertise or describe jobs and job openings within Cintas's SSR facilities; job titles of jobs within the Cintas organization; press releases issued by Cintas; articles or other information published in the press or posted on the internet; financial reports filed by Cintas with the Securities and Exchange Commission ("SEC"); information that has been filed in litigation without being subject to a confidentiality or protective order; or other information that has been disclosed to the public.  If it satisfies the other

1   provisions of this stipulation and order, however, such information may be designated as

2   "CONFIDENTIAL."

3         The term "private, confidential information" as used herein means potentially embarrassing

4   personal information and includes the following information with respect to a person or any of the

5   person's dependents or family members:  hourly rates of pay, salary or commission earnings or pay,

6   including the pay rates and earnings of SSRs; performance evaluations and disciplinary documents,

7   medical history or conditions or treatment; psychotherapy or other counseling; substance abuse or

8   substance-abuse treatment; arrests or criminal conviction; government investigation; social security

9   number; tax liability, tax filings, or failure to file tax returns; child-support obligations or payments;

10  divorce or separation; child custody; domestic disputes or orders of protection; prior marriages;

11  children born out of wedlock; adoption or foster care; government action or investigation with

12  respect to child care; citizenship or immigration status; wage garnishment, credit status, credit history,

13  less-than-honorable discharge from the military; or bankruptcy (whether personal bankruptcy or of a

14  company in which the person was a majority owner).  "Private, confidential information" does not

15  include job assignments, job titles, work duties, job history, education, or numerical performance

16  ratings.  If it satisfies the other provisions of this protective order, such information may be designated

17  as "CONFIDENTIAL." ATTORNEYS' EYES ONLY information does not include information

18  that lawfully has been publicly disclosed.  Where a party lawfully has or receives information or

19  documents from a person or entity not a party to this case, and where the information is not provided

20  pursuant to a subpoena, deposition, or other discovery proceeding in this litigation, that information

21  will not be treated as ATTORNEYS' EYES ONLY, except that (1) any party may retroactively

22  designate as "ATTORNEYS' EYES ONLY" any information obtained or received by another party

23  from a person or entity not a party to this case if the designating party believes the information was

24  unlawfully obtained or received by the person or entity not a party to this case. (In such

25  circumstances, the party who or which obtained the information from the third person may seek relief

26  from the "ATTORNEYS' EYES ONLY" designation pursuant to ¶10 of this protective order); and

27  (2) information maintained or received by a party's present or prior vendors may be designated as

28  "ATTORNEYS' EYES ONLY," if it is produced by a party or vendor in this litigation.

2. <u>Marking of confidential information and/or attorneys' eyes only information.</u>

(a) *Marking*. Documents, information, or tangible items shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this protective order in the following ways:

(1) in the case of documents or tangible items and the information contained therein that are produced by any party, designation shall be made by placing on each page of the document, or on the tangible item with a clearly visible mark, the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY on which a designation is sought;

(2) in the case of documents or tangible items and the information contained therein that are obtained by subpoena or other discovery from third parties, designation shall be made as follows: upon receipt by the receiving party, the documents or tangible things automatically shall be deemed CONFIDENTIAL and ATTORNEYS' EYES ONLY. The receiving party shall furnish a copy thereof to all parties within five (5) business days of receipt. (If the material cannot be reproduced for any legitimate reason, all parties shall be given an opportunity to inspect it.) All parties thereafter shall have 30 calendar days within which to formally designate the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. Should any party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested pursuant to §8. If no party designates the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within said 30-day period, then the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designation will terminate;

(3) in the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY;

(4) in the case of tangible items, designation shall be made by visibly marking the item CONFIDENTIAL and/or ATTORNEYS' EYES ONLY;

(5) in producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL and ATTORNEYS' EYES ONLY and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence, except as otherwise limited herein. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(b) *Good faith*. The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the receiving

1  party or parties or for purposes of unnecessarily restricting the receiving party's or parties' access to

2  information concerning the lawsuit.

3      (c)  *Receipt of designated information.*  Except as permitted by further order of the Court,

4  or by subsequent written agreement of the producing party, such designated documents or testimonial

5  information shall be received by counsel of record for the party or parties upon the terms and

6  conditions of this protective order.

7      (d)  *Unmarked documents to be produced for use at trial.*  In advance of a jury trial or any

8  proceeding to be held before a jury, if a document that has been listed by any party for use as a trial

9  exhibit, the party that has produced that document will provide a copy of the document that does not

10  have a written designation on it that it is CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The

11  production of that copy or use of it at trial will not effect or alter the status of the document as

12  CONFIDENTIAL or ATTORNEYS' EYES ONLY or otherwise amend or alter any of the other

13  provisions of this protective order.

14  3.  Right of access to designated information.

15      (a)  *CONFIDENTIAL information.*  Disclosure of information designated as

16  CONFIDENTIAL, including summaries thereof, shall be limited to the Court; the parties' counsel of

17  record in the *Serrano* and *Ramirez* matters; Cintas Corporation in-house counsel or otherwise

18  specifically identified counsel for Cintas; and associate attorneys and paralegal and clerical employees

19  assisting any of these counsel; defendant and its officers and directors; and to the following persons,

20  who shall be required to first execute the requisite declaration as set forth in subsection (d) below:

21  (1) defendant's managers and human resources staff, but only to the extent to which disclosure to

22  them is reasonably necessary to evaluate and defend against the claims in this case; (2) plaintiffs

23  Blanca Nelly Avalos, Anthony Jones, Mirna Serrano, Stefanie McVay, and Linda Allen (individually,

24  "plaintiff"; collectively, "plaintiffs"); (3) consultants or experts retained by the parties to consult or

25  testify in the case and their employees if assisting any of these consultants and experts; (4) court

26  reporters and videographers of sworn proceedings; (5) services retained by counsel to photocopy or

27  image or keypunch information from documents or evidence or to prepare charts, summaries,

28  timelines, illustrations, or other demonstrative materials to be used in the litigation; (6) any person that

a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (7) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (7), counsel must retain physical custody of the CONFIDENTIAL document or other tangible thing unless consent to release it is given by the party that designated it as CONFIDENTIAL. Disclosure of CONFIDENTIAL information to any expert or consultant, their employees if assisting any expert or consultant, or other service provider assisting counsel shall be limited to that confidential information necessary for the consultation work or preparation to testify. In no case shall CONFIDENTIAL information be disclosed to any person or entity who competes directly or indirectly with Cintas (a "competitor") or any labor organization, its representatives or agents, that represents or is engaged in organizing Cintas employees (a "labor union").

(b) *ATTORNEYS' EYES ONLY information.*

1. Disclosure of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; the parties' counsel of record in the *Serrano* and *Ramirez* matters; Cintas Corporation in-house counsel or otherwise specifically identified counsel for Cintas; and associate attorneys and paralegal and clerical employees assisting any of these counsel; defendant and its officers, directors, managers and human resources staff, but only to the extent to which disclosure to them is reasonably necessary to evaluate and defend against the claims in this case; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection 3(d) below: (a) court reporters and videographers of sworn proceedings in which the ATTORNEYS' EYES ONLY information is raised; (b) services retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (c) experts or consultants (not including competitors or labor unions) retained by the parties and their employees if assisting any of these consultants or experts; and (d) deponents as set forth in §3(e) below.

2.   Any of the following information, as it pertains to each plaintiff, to the extent it has been designated as ATTORNEYS' EYES ONLY information, may be shown to any plaintiff so long as counsel retains physical custody of the ATTORNEYS' EYES ONLY document or other tangible thing:

(a)   any information that describes work performed by a plaintiff or any assessment of such work; information describing the plaintiff's compensation; plaintiff's application(s) for work at Cintas; the facilities and departments in which plaintiff worked; plaintiff's job title(s); the dates of plaintiff's employment and dates in each job assignment; and disciplinary or warning or termination notices addressed to the plaintiff;

(b)   any information that sets forth the rating or compensation of any other individuals who (1) worked for any individual who conducted a performance review for any named plaintiff during the same review cycle as that plaintiff; (2) worked in the same job title in the same region as any named plaintiff during an overlapping time period; or (3) worked in a lower-ranking position in the same department in the same region as any named plaintiff in an overlapping time period; and

(c)   any summary prepared from ATTORNEYS' EYES ONLY information (so long as the summary does not name any specific individuals other than plaintiffs or any one of them or the individuals in (b) immediately above by name or other identifiable description).  By entering into this stipulation plaintiffs and their counsel are not agreeing that the information described in this section (b) may properly be designated as ATTORNEYS' EYES ONLY information.

3.   If it becomes necessary for counsel for a party or parties receiving ATTORNEYS' EYES ONLY information to disclose it to some other person(s) (other than as set forth in (a) and (b) immediately above), in order to properly prepare this litigation for trial, or for other court proceedings or filings in this litigation, or to evaluate the facts, claims, and defenses for purposes of discussing settlement of this litigation, the following procedures shall be employed:

(a)   counsel for the receiving party or parties shall notify, in writing by overnight delivery or e-mail or fax, counsel for the party producing the ATTORNEYS' EYES ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the disclosure;

(b)   if no objection to such disclosure is made by counsel for the producing party within five business days of receipt of such notification, counsel for the receiving party or parties shall be free to make such disclosure to the designated person(s); provided however, that counsel for the receiving party or parties shall serve upon opposing counsel, prior to disclosure, a declaration using one of the forms, as applicable, attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this protective order;

1

(c)    if the producing party objects to such disclosure, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party objecting to such disclosure shall have the burden of establishing before the Court the necessity for preventing such disclosure.

Disclosure of ATTORNEYS' EYES ONLY information shall be limited to that information necessary for the witness's consultation work or preparation to testify.

(c)    *Prohibition against disclosure to unauthorized persons.*

1.   With respect to all documents, information, or tangible items produced or furnished by a party during this litigation which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this protective order.  CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized person shall be used only for purposes of this litigation and for no other purpose including, but not limited to, labor organizing.

2.   *Consolidated counsel.*

(a)    This prohibition does not restrict the ability of plaintiffs' counsel in the *Ramirez* action, plaintiffs' counsel in the *Serrano* action, EEOC counsel in the *Ramirez* action, or EEOC counsel in the *Serrano* action from sharing, exchanging, discussing and using information produced subject to the respective protective orders prior to consolidation in either the *Serrano* or *Ramirez* actions.

(b)    Pursuant to this stipulated consolidated protective order, plaintiffs' counsel of record in the *Ramirez* and *Serrano* actions and EEOC counsel of record in the *Ramirez* and *Serrano* actions, including associate attorneys and paralegal and clerical employees assisting any of these counsel, will have access to all material produced or yet to be produced in either the *Ramirez* or *Serrano* action and may share, exchange, discuss or use that material in conjunction with other counsel of record in the consolidated action without violating the terms of this protective order, as long as such information is handled in accordance with the terms of this stipulated consolidated protective order.

(d)  *Requirement to obtain a written declaration*.  Before disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this protective order is made to anyone authorized by this agreement to see the document or other information, counsel for the party disclosing the information shall obtain a written declaration using one of the forms, as

1    applicable, attached hereto as Appendix A, from each person to whom disclosure is to be made,

2    acknowledging that any document, information or tangible item that has been designated as

3    CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this protective order, that the

4    person has read this protective order, that such person agrees to comply with and be bound by this

5    protective order, that such person is aware that contempt sanctions may be entered for violation of

6    this protective order, and that such person consents to the personal jurisdiction of this Court.  The

7    originals of all signed declarations shall be maintained by the party who procures the signature

8    throughout the duration of this litigation, including all appeals.

9            (e)  *Use of designated information in depositions*.  If, in the course of this proceeding,

10   depositions are conducted which involve CONFIDENTIAL or ATTORNEYS' EYES ONLY

11   information, counsel for the witness or party producing such information may designate, on the

12   record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or

13   ATTORNEYS' EYES ONLY information.  If designation of CONFIDENTIAL information is

14   made, those portions of said depositions involving such CONFIDENTIAL information will be taken

15   with no one present except (1) one or more of the plaintiffs; (2) a representative of Cintas

16   Corporation selected by Cintas; (3) those persons who are authorized to have access to such

17   CONFIDENTIAL information in accordance with this protective order; (4) the reporter and

18   videographer, if any; (5) the deponent and deponent's counsel, if the deponent has separate legal

19   counsel; and (6) counsel for the parties in the consolidated action, including any in-house counsel for

20   Cintas.  If designation of ATTORNEYS' EYES ONLY information is made, those portions of said

21   depositions involving such ATTORNEYS' EYES ONLY information will be taken with no one

22   present except (1) counsel for the parties in the consolidated action and any in-house counsel for

23   Cintas; (2) those persons who are authorized to have access to such ATTORNEYS' EYES ONLY

24   information in accordance with this protective order; (3) the reporter and videographer, if any; and

25   (4) the deponent and deponent's counsel, if the deponent has separate legal counsel.  A witness,

26   whose deposition is being taken, may see any document identified as CONFIDENTIAL or

27   ATTORNEYS' EYES ONLY if the document is first handed to counsel for the opposing party or

28   parties ("opposing counsel") for inspection and either (1) the opposing counsel has no objection to

1   the witness seeing the document; or (2) the document indicates on its face that the witness has

2   previously seen or has been sent the document; or (3) the witness is within the category of persons

3   entitled to see this type of information, pursuant to the provisions described above in §§3(a) and (b),

4   above.  If opposing counsel objects, opposing counsel will have the option to do any one or a

5   combination of the following things: (1) request that the deponent sign a declaration containing the

6   wording specified in Exhibit A to this Agreement; (2) note the objection for the record; and/or (3)

7   recess the deposition so that the matter can be brought before the Court for determination.  Any

8   party shall have until 30 days after the deposition is taken within which to inform the other parties to

9   the action of the portions of the transcript (by specific page and line reference) to be designated as

10  CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Unless otherwise agreed by counsel, the right

11  to make such designation shall be waived unless made within the 30-day period.  Prior to such

12  designation, or expiration of the 30-day period, the entire deposition transcript shall be deemed

13  CONFIDENTIAL information.  Transcripts of testimony, or portions thereof, or documents

14  containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only

15  under seal as described in §7, until further order of the Court.

16  4.  Inadvertent production.

17      If, through inadvertence, a producing party provides any confidential information pursuant to

18  this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES

19  ONLY information, or provides any information subject to a claim of attorney-client privilege,

20  attorney work product or other privilege or immunity, the producing party may, within 15 business

21  days of such disclosure, inform the receiving party or parties of the CONFIDENTIAL or

22  ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the

23  receiving party or parties shall, as applicable, treat the disclosed information as CONFIDENTIAL or

24  ATTORNEYS' EYES ONLY information under this protective order, and shall return all copies of

25  assertedly privileged or immune documents (and destroy all summaries of same) within five business

26  days of receipt of written notice from the producing party, and to the extent the receiving party or

27  parties has or have already disclosed this information, the receiving party or parties shall promptly

28  notify the producing party as to the specific recipients of such information and shall take all

reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS EYES' ONLY information, they are otherwise entitled to disclosure under this protective order.

If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege, counsel for the receiving party will inform counsel for the producing party promptly after becoming aware of the disclosure.

5. Disclosure contrary to this agreement.

If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6. Disclosure must conform to this agreement and future Court orders.

Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

7. Instructions for filing CONFIDENTIAL or ATTORNEYS' EYES ONLY information under seal, as applicable to the filing.

(a) *For filings in the U.S. District Court for the Northern District of California.* Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be filed pursuant to Northern District Civil Local Rule 79-5 as follows:

(1) *Request to file entire document under seal.* Counsel seeking to file an entire document under seal must:

(a) file and serve an administrative motion to file under seal, in conformance with Northern District Local Rule 7-11, accompanied by a declaration establishing that the entire document is sealable;

(b) lodge with the Clerk of the Court and serve a proposed order sealing the document;

(c) lodge with the Clerk of the Court and serve the entire document, contained in an 8½-inch-by-11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Northern District Civil Local Rules 3-4(a) and (b) and prominently displaying the notation: DOCUMENT SUBMITTED UNDER SEAL;

(d) lodge with the Clerk of the Court for delivery to the Court's chambers a second copy of the entire document, in an identical labeled envelope or container.

(2) *Request to file a portion of a document under seal.*  If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

(a) file and serve an administrative motion to file under seal, in conformance with Northern District Civil Local Rule 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

(b) lodge with the Clerk of the Court and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

(c) lodge with the Clerk of the Court and serve the entire document, contained in an 8½-inch-by-11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Northern District Civil Local Rules 3-4(a) and (b) and prominently displaying the notation: DOCUMENT SUBMITTED UNDER SEAL.  The sealable portions of the document must be identified by notations or highlighting within the text;

(d) lodge with the Clerk of the Court for delivery to the Court's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

(e) lodge with the Clerk of the Court and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

(3) *Filing a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by another party.*  If a party wishes to file a document that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by another party pursuant to this Agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an administrative motion for a sealing order and lodge the document, memorandum, or other filing in accordance with this rule.  If only a portion of the document, memorandum, or other filing is

sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum, or other filing to be placed in the public record if the Court approves the requested sealing order.  Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly-tailored proposed sealing order, or must withdraw the designation of confidentiality.  If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.  The designating party may also agree to withdraw the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY for the limited purpose of filing the document(s) or information with the Court, without waiving the designation generally.

(4)     *Request denied.*  If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed.  The Clerk of the Court will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it.  If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case or, within three days, resubmit the document for filing in the public record.  If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms with the Court's order an this rule.

(5)     *Effect of seal.*  Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case.  Any document filed under seal in a civil case shall be open to public inspection without further action by the Court ten years from the date the case is closed.  However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the ten years provided by this rule.  Nothing in this rule is intended to affect the normal records-destruction policy of the United States courts.  The chambers copy of sealed documents will be disposed of in accordance with the Court's discretion.  Ordinarily, these copies will be recycled, not shredded, unless special arrangements are made.

(6)     *Conflict with Local Rules.*  In the event of any conflict between §7 of this Agreement and any applicable Local Rule (including but not limited to Northern District Civil Local Rule 79-5), the applicable Local Rule shall apply.

(7)     *Notice to third parties.*  The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this order.

(b)  *For filings in the U.S. District Court for the Eastern District of Michigan.*  Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be filed pursuant to Eastern District of Michigan Local Rule 5.3 as follows:

(1) *Request to file entire document under seal.* Counsel seeking to file an entire document under seal must:

    (a) file and serve the document in accordance with the general filing requirements of Local Rule 5.1;

    (b) place each document subject to the protective order in a separate 9-x-12-inch envelope and sealed closed; and

    (c) each envelope must plainly state the full case caption, title of the document enclosed and the text, "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" in bold, capital letters not less than one inch high.

(2) *Filing a document designated CONFIDENTIAL by another party.* If a party wishes to file a document that has been designated CONFIDENTIAL by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file the document or portion of the document, memorandum or other filing that is CONFIDENTIAL under seal as permitted in Local Rule 5.3. The submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record.

(3) *Effect of seal.* Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Full and complete copies of all documents filed under seal will be served on counsel for the parties. Sixty days after the entry of a final judgment and an appellate mandate, if appealed, attorneys must present to the court a proposed order specifying whether the material sealed with protective order is (a) to be returned to the parties; or (b) unsealed and placed in the case file. Failure to present the order will result in the Court ordering the clerk to unseal the material and place it in the case file. Nothing in this rule is intended to affect the normal records-destruction policy of the United States courts.

(4) *Conflict with Local Rules.* In the event of any conflict between §8 of this agreement and any applicable Local Rule (including but not limited to Eastern District of Michigan Local Rule 5.3), the Local Rule shall apply. In the event the Local Rules of the Eastern District of Michigan are amended, the parties will confer to decide if changes to the agreement are necessary.

(5) *Notice to third parties.* The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this order.

8. Acceptance of a designated or non-designated document does not constitute agreement with its designation or non-designation.

Acceptance or receipt by a party or parties of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the information, document or thing is properly so designated or not designated. Any

1   party may contest a designation that a document is CONFIDENTIAL or ATTORNEYS' EYES

2   ONLY information (or a non-designation).  If the receiving party or parties disagree with the

3   designation or non-designation, and marking by any producing party of any material as

4   CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall first try to resolve such

5   disputes on an informal basis.  If agreement cannot be reached between counsel, the party so

6   designating the document shall indicate in writing the reason for its designation.  The party or parties

7   opposing the designation or non-designation may present such dispute to the Court by motion or

8   otherwise.  In the resolution of such matter, the burden of establishing confidentiality shall be on the

9   party who made the claim of confidentiality.

10   9.  Other objections preserved.

11   This protective order shall be without prejudice to the right of any party to oppose production

12   of any information on grounds other than confidentiality.

13   10.  Right to seek or agree to other orders.

14   This protective order shall not prevent any party from applying to the Court for relief

15   herefrom, or from applying to the Court for further or additional protective orders, or from agreeing

16   among themselves to modify or vacate this protective order, subject to the approval of the Court.

17   11.  Return of designated information and continued agreement to confidentiality.

18   At the conclusion of this action, including any appeals, all CONFIDENTIAL information and

19   all ATTORNEYS' EYES ONLY information furnished pursuant to this protective order, and all

20   copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's

21   option, destroyed by counsel for the receiving party or parties.  If the documents are to be returned,

22   the producing party will pay for the cost of shipping, using whatever shipping agent it selects.  If the

23   documents are to be destroyed, the producing party will be responsible for engaging a service that it

24   selects and pays to collect the documents and destroy them.  Counsel for the receiving party or

25   parties is entitled to keep copies of pleadings and correspondence used in this litigation, in a secure

26   storage area subject to the terms of this agreement.  The provisions of this protective order insofar as

27   it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS'

28

1    EYES ONLY information produced hereunder shall continue to be binding after the conclusion of

2    this action.

3    12.  Violation.

4          Any party to this action may file a motion requesting that the Court sanction or hold in

5    contempt of Court anyone who violates the terms of this order.

6          SO STIPULATED.

7

8
                                          /s/ Elena R. Baca
9                                         NANCY L. ABELL (SB# 88785)
                                           nancyabell@paulhastings.com
10                                        ELENA R. BACA (SB #160564)
                                           elenabaca@paulhastings.com
11                                        MARK W. ATKINSON (SB# 60472)
                                           markatkinson@paulhastings.com
12                                        STEPHEN P. SONNENBERG (SB# 164881)
                                           stephensonnenberg@paulhastings.com
13                                        HEATHER A. MORGAN (SB# 177425)
                                           heathermorgan@paulhastings.com
14                                        JOSEPH W. DENG (SB# 179320)
                                           josephdeng@paulhastings.com
15                                        PAUL, HASTINGS, JANOFSKY
                                            & WALKER LLP
16                                        515 S. Flower St., 25th Fl.
                                          Los Angeles, CA 90071-2228
17                                        (213) 683-6000
                                          (213) 627-0705 (telefax)
18                                        ATTORNEYS FOR CINTAS

19

20                                        /s/ Paul Strauss
                                          Paul Strauss, #153937
21                                        Robert S. Libman, #139283
                                          Sharon Legenza, *pro hac vice*
22                                        MINER, BARNHILL & GALLAND
                                          14 W. Erie St.
23                                        Chicago, IL 60610
                                          (312) 751-1170
24                                        (312) 751-0438 (telefax)

25

26

27

28

1

2

3
/s/ Morris J. Baller
Morris J. Baller, #048928
Roberta L. Steele, #188198

4
Joseph E. Jaramillo, #178566
GOLDSTEIN, DEMCHAK, BALLER,

5
  BORGEN & DARDARIAN
300 Lakeside Dr., Ste. 1000

6
Oakland, CA 94612
(510) 763-9800

7
(510) 835-1417 (telefax)

8
ATTORNEYS FOR *RAMIREZ* PLAINTIFFS

9

10
/s/ Robert D. Unitas
Robert D. Unitas (MA)

11
Senior Trial Attorney SLS
Erica D. White-Dunston (MD)

12
Trial Attorney SLS
EQUAL EMPLOYMENT OPPORTUNITY

13
  COMMISSION
1801 L St. N.W.

14
Washington, DC 20507
(202) 663-4768

15
(202) 663-4196 (telefax)

16
ATTORNEYS FOR *RAMIREZ*
  PLAINTIFF-INTERVENOR

17

18
IT IS SO ORDERED.

19

20
Dated: ___May 19_____, 2006

21
Honorable Jeffrey S. White
U.S. District Court Judge

22

23

24

25

26

27

28

APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT RAMIREZ, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>CINTAS CORPORATION, an Ohio corporation,<br><br>Defendant. | ) No. C 04-00281 JSW<br>)<br>)<br>)<br>) STIPULATED<br>) CONSOLIDATED<br>) CONFIDENTIALITY<br>) AGREEMENT AND AGREED<br>) PROTECTIVE ORDER<br>)<br>) The Honorable Jeffrey S. White<br>)<br>) Complaint filed: January 20, 2004<br>)<br>) Trial date: none set |

DECLARATION OF _____

1.  My name is _____. I have personal

knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I would

testify competently to those facts.

2.  I live at _____.

3.  I am employed as (state position): _____.

4.  The full name and address of my employer is: _____

_____.

5.  I am aware that a stipulated consolidated confidentiality agreement and agreed protective

order ("protective order") regarding confidential information has been entered in the case of *Ramirez,*

*et al. v. Cintas Corp.*, in the United States District Court for the Northern District of California

("Court") and/or *Serrano, et al. v. Cintas Corp.*, in the United States District Court for the Eastern

District of Michigan. A copy of that protective order has been given to me. I have carefully

reviewed its terms and conditions.

6.  I agree that documents, information, and tangible items designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the protective order, and agree to comply with and be bound by the terms of the protective order.

7.  Without limiting the foregoing, I agree that I will not disclose or discuss any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with any persons other than counsel for a party in the consolidated action and paralegal and clerical personnel assisting such counsel, and other persons permitted access to such material under the protective order who have signed declarations under penalty of perjury undertaking to preserve the confidentiality of such material.

8.  I agree to use any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

9.  I understand that any use of CONFIDENTIAL and ATTORNEYS' EYES ONLY material, or any portion or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the protective order shall subject me to contempt sanctions of the Court.

10.  I consent to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the State of _____ and United States of America that the foregoing declaration is true and correct.  Executed this _____ day of _____, 200__, in _____, _____.

_____
Signature

28 U.S.C. §1746

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, STEFANIE L.                    )
MCVAY and LINDA D. ALLEN, individually           )
and on behalf of all others similarly situated,  )
                                                 )  No. 04-CV-40132
                              Plaintiffs,         )
                                                 )
EQUAL EMPLOYMENT OPPORTUNITY                      )  (The Honorable Paul V. Gadola)
COMMISSION,                                       )
                                                 )
                       Plaintiff-Intervenor,      )
                                                 )
                 v.                               )
                                                 )
CINTAS CORPORATION, an Ohio corporation,         )
                                                 )
                              Defendant.          )

*consolidated with*

ROBERT RAMIREZ, *et al.*, on behalf of           )
themselves and others similarly situated,        )
                                                 )  No. _____
                              Plaintiffs,         )
                                                 )
EQUAL EMPLOYMENT OPPORTUNITY                      )  (The Honorable Paul V. Gadola)
COMMISSION,                                       )
                                                 )
                       Plaintiff-Intervenor,      )
                                                 )
                 v.                               )
                                                 )
CINTAS CORPORATION, an Ohio corporation,         )
                                                 )
                              Defendant.          )

DECLARATION OF _____

    1. My name is _____. I have personal

knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I would

testify competently to those facts.

    2. I live at _____.

    3. I am employed as (state position): _____.

1       4.  The full name and address of my employer is: _____

2  _____.

3       5.  I am aware that a stipulated consolidated confidentiality agreement and agreed protective

4  order ("protective order") regarding confidential information has been entered in the case of *Ramirez,*

5  *et al. v. Cintas Corp.*, in the United States District Court for the Northern District of California

6  ("Court") and/or *Serrano, et al. v. Cintas Corp.*, in the United States District Court for the Eastern

7  District of Michigan.  A copy of that protective order has been given to me.  I have carefully

8  reviewed its terms and conditions.

9       6.  I agree that documents, information, and tangible items designated as CONFIDENTIAL

10  and ATTORNEYS' EYES ONLY shall be subject to the terms of the protective order, and agree to

11  comply with and be bound by the terms of the protective order.

12       7.  Without limiting the foregoing, I agree that I will not disclose or discuss any material

13  designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with any persons other than counsel

14  for a party in the consolidated action and paralegal and clerical personnel assisting such counsel, and

15  other persons permitted access to such material under the protective order who have signed

16  declarations under penalty of perjury undertaking to preserve the confidentiality of such material.

17       8.  I agree to use any material designated CONFIDENTIAL or ATTORNEYS' EYES

18  ONLY solely in connection with participation in this action and for no other purpose.

19       9.  I understand that any use of CONFIDENTIAL and ATTORNEYS' EYES ONLY

20  material, or any portion or summaries thereof, or any information obtained therefrom, in any manner

21  contrary to the provisions of the protective order shall subject me to contempt sanctions of the Court.

1        10.  I consent to the exercise of personal jurisdiction over me by the Court.

2

3        I declare under penalty of perjury under the laws of the State of _____ and United
   States of America that the foregoing declaration is true and correct.  Executed this _____ day of
4   _____, 200___, in _____, _____.

5

6                                                 _____
                                                 Signature

7

8   28 U.S.C. §1746

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28