**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMIREZ, et al., | |
|     Plaintiffs, | No. C 04-00281 JSW |
| v. | **ORDER GRANTING UNOPPOSED MOTION TO APPROVE STIPULATION OF DISMISSAL OF PLAINTIFF CORETTA VICK'S INDIVIDUAL AND CLASS CLAIMS** |
| CINTAS CORPORATION, | |
|     Defendant. | |

**INTRODUCTION**

This matter comes before the Court upon consideration of an unopposed motion to approve a stipulation of dismissal of Plaintiff Coretta Vick's individual and class claims. Having considered the parties' papers, including supplemental materials ordered by the Court, relevant legal authority, and the record in this case, and having had the benefit of oral argument. The Court HEREBY GRANTS the motion.

**BACKGROUND**

Plaintiffs filed this putative class action alleging employment discrimination against Cintas Corporation ("Cintas") on January 20, 2004. Plaintiff Coretta Vick ("Ms. Vick") asserted individual and class claims alleging pay discrimination based on her race (African-American) and sought to represent a class consisting of African-American office and clerical workers at Cintas. On March 22, 2005, this Court issued an Order requiring Ms. Vick and several other plaintiffs to arbitrate the claims against Cintas. Plaintiffs have instituted an

arbitration, on behalf of themselves and the classes they seek to represent, which currently is pending. Neither this Court nor the Arbitrator have certified a class. Ms. Vick has settled her individual claims with Cintas and now asks this Court to approve the dismissal of her individual and class claims without notice. Cintas does not oppose the motion.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismiss, or compromised only with the court's approval." Although Rule 23(e) expressly refers to certified classes, before Rule 23(e) was amended in 2003, the Ninth Circuit had held that the rule applied to pre-certification dismissals and compromises. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). In that case, the court stated that pre-certification approval was required "to ensure that [a settlement] is not collusive or prejudicial." *Id.* In making that determination, the Ninth Circuit stated that "the district court should inquire into possible prejudice from (1) class members possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, and (3) any settlement or concession for class interests made by the class representative or counsel in order to further their own interests." *Id.*

Plaintiffs state that they have filed their motion "as a cautionary step," in light of several decisions arising out of this district, which have approved pre-certification dismissals relying on factors outlined in *Diaz*. *See, e.g., Castro v. Zenith Acquisition Corp.*, 2007 WL 81905 (N.D. Cal. Jan. 9, 2007); *Singer v. Am. Airlines Fed. Credit Union*, 2006 WL 3093759 (N.D. Cal. Oct. 30, 2006).

Assuming without deciding that Rule 23 applies in this instance, the Court concludes that, based on the factors outlined in *Diaz*, it is appropriate to grant the motion and permit Ms. Vick to dismiss her individual and class claims without notice. First, although there has been some publicity regarding this case and articles in which Ms. Vick was mentioned, it has been

minimal. Further, Plaintiffs assert that no other persons who are members of the class Ms. Vick sought to represent have contacted them.

Second, the parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members. With respect to her individual claims, a review of the settlement agreement strongly suggests that Ms. Vick is not receiving a disproportionate recovery that might impact absent class members.

Third, the statute of limitations has been tolled since the suit was filed. *See American Pine and Construction v. Utah*, 414 U.S. 538 (1974). Potential class members who may have relied on Ms. Vick's claims still have time to file suit if they so choose. Thus, the Court finds that each of the *Diaz* factors weighs in favor of approving the settlement and dismissal without notice to the class.

The motion is, therefore, GRANTED.

**IT IS SO ORDERED.**

Dated: December 14, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE