1  NANCY L. ABELL (SB# 88785) nancyabell@paulhastings.com
   ELENA R. BACA (SB# 160564) elenabaca@paulhastings.com
2  HEATHER A. MORGAN (SB# 177425) heathermorgan@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  515 South Flower Street
   Twenty-Fifth Floor
4  Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
5  Facsimile: (213) 627-0705

6  Attorneys for Defendant
   CINTAS CORPORATION
7
   *Plaintiffs' Counsel Listed on Next Page*
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

| ROBERT RAMIREZ, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, JOSE SALCEDO, A. SHAPPELLE THOMPSON, CORETTA SILVERS (formerly VICK), SANDRA EVANS, BLANCA NELLY AVALOS, JAMES MORGAN and ANTHONY JONES, on behalf of themselves and all others similarly situated, | CASE NO. C04-0281-JSW |
|---|---|
| | [RELATED TO CASE NO. C05-03145-JSW] |
| | **JOINT STIPULATION OF DISMISSAL OF PLAINTIFF CORETTA VICK'S (AKA CORETTA SILVERS) INDIVIDUAL CLAIMS WITH PREJUDICE AND HER PUTATIVE CLASS CLAIM ON BEHALF OF CURRENT AND FORMER AFRICAN AMERICAN NON-EXEMPT EMPLOYEES (EXCEPT SSR'S) WITH RESPECT TO PAY WITHOUT PREJUDICE AND [PROPOSED] ORDER** |
| Plaintiffs, | |
| vs. | |
| CINTAS CORPORATION, | |
| Defendant. | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Date: December 14, 2007<br>Time: 9:00 a.m.<br>Dept: Courtroom 2, 17th Floor<br>Hon. Jeffrey S. White |
| Plaintiff/Intervenor. | |

Case No. C04-0281-JSW
10562-3

JOINT STIPULATION OF DISMISSAL OF
PLAINTIFF CORETTA VICK'S CLAIMS AND
[PROPOSED] ORDER

MORRIS J. BALLER (SB# 048928) mballer@gdblegal.com
ROBERTA L. STEELE (SB# 188198) rsteele@gdblegal.com
JOSEPH E. JARAMILLO (SB# 178566) jjaramillo@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Dr., Suite 1000
Oakland, CA  94612
Telephone:  (510) 763-9800
Facsimile:  (510) 835-1417

BETTY EBERLE (SB# 196914)
beberle@LAWMBG.com
MINER, BARNHILL & GALLAND
44 E. Mifflin Street, Suite 803
Madison, WI  53703
Telephone:  (608) 255-5200
Facsimile:  (608) 255-5380

Attorneys for Plaintiffs ROBERT RAMIREZ, et al.

# RECITALS

WHEREAS, on August 3, 2005, Plaintiff Coretta Vick aka Coretta Silvers ("Vick") filed her Fourth Amended Complaint ("FAC") asserting claims on behalf of herself and as a putative class representative for certain present and former employees of Defendant Cintas Corporation ("Cintas");

WHEREAS, in the FAC, Vick individually asserted claims under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended ("Title VII"), specifically contending that Cintas paid Vick a lower hourly rate than white non-exempt office and clerical coworkers because of her race (black) (FAC ¶ 12);

WHEREAS, in the FAC, Vick sought to assert claims as a class representative on behalf of African American current and former non-exempt employees in Cintas' Rental Division who allegedly have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII (FAC ¶¶ 45-46, 48(e), 83(e); Joint Case Management Statement and Order Pursuant to Civil Local Rule 16-9, filed June 10, 2005, at 20);

WHEREAS, Vick is the only remaining named Plaintiff who has asserted class claims on behalf of any African American current and former non-exempt employees in Cintas' Rental Division who allegedly have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII, other than the claims asserted by James Morgan on behalf of African American SSR's;

WHEREAS, on March 22, 2005, this Court ordered Vick to arbitrate her claims and stayed this action as to her claims pending completion of an arbitration proceeding in this judicial district;

WHEREAS, the parties thereafter commenced arbitration, *inter alia,* of Vick's claims before The Honorable Eugene Lynch (Ret.), who has issued a clause construction award but has not commenced proceedings on the merits of Vick's claims;

WHEREAS, Vick hereby dismisses with prejudice all of her individual claims alleged in the FAC;

WHEREAS, Vick thus is not an adequate class representative for any form of relief sought on behalf of the putative class of African American current and former non-exempt employees in Cintas' Rental Division who allegedly have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII, as described in paragraphs 45-46, 48(e) and 83(e) of the FAC;

WHEREAS, Vick has agreed to withdraw as a class representative and seeks the Court's permission to dismiss without prejudice her claims on behalf of the putative class of African American current and former non-exempt employees in Cintas' Rental Division who allegedly have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII, as described in paragraphs 45-46, 48(e) and 83(e) of the FAC, but not dismiss the claims asserted by James Morgan on behalf of African American SSR's, in exchange for Cintas' waiver of its right to recover costs against Vick pursuant to Federal Rule of Civil Procedure 54(d); and

WHEREAS, the parties have agreed that Plaintiffs' counsel will not include any attorneys' fees or costs incurred as part of maintaining Vick's individual claims or the class claims Vick has asserted, should they later apply for an award of attorneys' fees or costs in this litigation. However, if Plaintiffs or Plaintiffs' counsel apply for an award of attorneys' fees and costs, this stipulation will not preclude them from asserting that some portion of the time spent on the class claims asserted by Vick should be allocated to another claim on which Plaintiffs prevailed (for example, the claims asserted by James Morgan on behalf of African American SSR's, if Plaintiffs prevail on those claims); and nothing in this stipulation will preclude Defendant from asserting any legal arguments in opposition to such an allocation.

## STIPULATION

THE PARTIES, BY AND THROUGH THEIR COUNSEL, HEREBY STIPULATE AS FOLLOWS:

1. Plaintiff Coretta Vick dismisses with prejudice all of her individual claims asserted in the FAC for discrimination in violation of Section 1981 and Title VII;

2. Plaintiff Vick withdraws as the named, representative plaintiff and dismisses without prejudice her claims on behalf of the putative class of African American current and former non-exempt employees in Cintas' Rental Division who allegedly have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII, as described in paragraphs 45-46, 48(e) and 83(e) of the FAC, other than the claims asserted by James Morgan on behalf of African American SSR's;

3. All claims in the FAC alleging that African American current and former non-exempt employees in Cintas' Rental Division have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII and all claims for relief for such discrimination are hereby dismissed without prejudice, except the claims asserted by James Morgan on behalf of African American SSR's;

4. Plaintiffs' counsel will not include any attorneys' fees or costs incurred as part of maintaining Vick's individual claims or the class claims Vick has asserted, should they later apply for an award of attorneys' fees or costs in this litigation. However, if Plaintiffs or Plaintiffs' counsel apply for an award of attorneys' fees and costs, this stipulation will not preclude them from asserting that some portion of the time spent on the class claims asserted by Vick should be allocated to another claim on which Plaintiffs prevailed (for example, the claims asserted by James Morgan, if Plaintiffs prevail on those claims); and nothing in this stipulation will preclude Defendant from asserting any legal arguments in opposition to such an allocation; and

5. Cintas waives its right to recover costs against Plaintiff Coretta Vick after the dismissal of her individual and putative class claims as permitted by Federal Rule of Civil Procedure 54(d).

| | | |
|---|---|---|
| 1 | DATED: October 30, 2007 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Roberta L. Steele<br>ROBERTA L. STEELE |
| 4 | | Morris J. Baller |
| 5 | | Roberta L. Steele<br>Joseph E. Jaramillo |
| 6 | | GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN |
| 7 | | 300 Lakeside Drive, Suite 1000<br>Oakland, CA 94611 |
| 8 | | Phone: (510) 763-9800<br>Fax: (510) 835-1417 |
| 9 | | Betty Eberle |
| 10 | | MINER, BARNHILL & GALLAND<br>44 E. Mifflin Street, Suite 803 |
| 11 | | Madison, WI 53703<br>Phone: (608) 255-5200 |
| 12 | | Facsimile: (608) 255-5380 |
| 13 | | *Counsel for Plaintiffs Robert Ramirez, et al.* |
| 14 | DATED: October 30, 2007 | |
| 15 | | By: /s/ Nancy L. Abell<br>NANCY L. ABELL |
| 16 | | |
| 17 | | Nancy L. Abell<br>Elena R. Baca |
| 18 | | Heather A. Morgan<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 19 | | 515 South Flower Street, 25th Floor<br>Los Angeles, CA 90071-2228 |
| 20 | | Phone: (213) 683-6000<br>Fax: (213) 627-0705 |
| 21 | | *Counsel for Defendant Cintas Corporation* |

# ORDER

BASED ON THE PARTIES' STIPULATION AND GOOD CAUSE APPEARING THEREFORE, this Court DISMISSES WITH PREJUDICE Plaintiff Coretta Vick's individual claims that Cintas has discriminated against her in violation of Section 1981 and Title VII.

This Court further finds that Plaintiff Coretta Vick is not an adequate class representative and may not represent the alleged class of African American current and former non-exempt employees in Cintas' Rental Division who contend they have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII, as described in paragraphs 45-46, 48(e) and 83(e) of the FAC;

This Court further finds that Plaintiff Coretta Vick is the only remaining named, representative plaintiff on behalf of the putative class of African American current and former non-exempt employees in Cintas' Rental Division who allegedly have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII, as described in paragraphs 45-46, 48(e) and 83(e) of the FAC and that Plaintiff seeks dismissal without prejudice of these putative class claims, but not the class claims filed by James Morgan on behalf of African American SSR's. On this basis the Court DISMISSES WITHOUT PREJUDICE all claims in the FAC alleging that African American current and former non-exempt employees in Cintas' Rental Division have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII and all claims for relief for such discrimination, but not the class claims filed by James Morgan on behalf of African American SSR's.

The Court also finds that Plaintiffs' counsel is not entitled to recover any amount in attorneys' fees and costs attributable to pursuing Vick's individual claims herein or her class claims in the FAC alleging that African American current and former non-exempt employees in Cintas' Rental Division have been subjected to discriminatory compensation practices and paid less than similarly situated non-African American employees in violation of Section 1981 and Title VII.

The parties have agreed that Plaintiffs' counsel will not include any attorneys' fees or costs incurred as part of maintaining Vick's individual claims or the class claims Vick has asserted, should they later apply for an award of attorneys' fees or costs in this litigation. However, if Plaintiffs or Plaintiffs' counsel apply for an award of attorneys' fees and costs, this stipulation and order will not preclude them from asserting that some portion of the time spent on the class claims asserted by Vick should be allocated to another claim on which Plaintiffs prevailed (for example, the class claims filed by James Morgan on behalf of African American SSR's, if Plaintiffs prevail on those claims); and nothing in this stipulation and order will preclude Defendant from asserting any legal arguments in opposition to such an allocation.

Finally, the Court finds that Cintas may not recover costs against Plaintiff Coretta Vick as it would be otherwise permitted by Federal Rule of Civil Procedure 54(d).

IT IS SO ORDERED.

DATED: December 14, 2007

HONORABLE JEFFREY S. WHITE
United States District Judge