NANCY L. ABELL (SB# 88785) nancyabell@paulhastings.com
ELENA R. BACA (SB# 160564) elenabaca@paulhastings.com
HEATHER A. MORGAN (SB# 177425) heathermorgan@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
CINTAS CORPORATION

*Plaintiffs' Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT RAMIREZ, ROBERT HARRIS, LUIS POCASANGRE CARDOZA, JOSE SALCEDO, A. SHAPPELLE THOMPSON, CORETTA SILVERS (formerly VICK), SANDRA EVANS, BLANCA NELLY AVALOS, JAMES MORGAN and ANTHONY JONES, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CINTAS CORPORATION, <br><br> Defendant. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff/Intervenor. | CASE NO. C04-0281-JSW <br><br> [RELATED TO CASE NO. C05-03145-JSW] <br><br> **JOINT STIPULATION OF DISMISSAL OF PLAINTIFF A. SHAPPELLE THOMPSON'S INDIVIDUAL CLAIMS WITH PREJUDICE AND HIS PUTATIVE CLASS CLAIMS ON BEHALF OF CERTAIN CURRENT AND FORMER AFRICAN AMERICAN EMPLOYEES WITHOUT PREJUDICE AND [PROPOSED] ORDER** |

| | |
|---|---|
| 1 | MORRIS J. BALLER (SB# 048928) |
|   | ROBERTA L. STEELE (SB# 188198) |
| 2 | GOLDSTEIN, DEMCHAK, BALLER, |
|   | BORGEN & DARDARIAN |
| 3 | 300 Lakeside Dr., Suite 1000 |
|   | Oakland, CA  94612 |
| 4 | Telephone:  (510) 763-9800 |
|   | Facsimile:  (510) 835-1417 |
| 5 | |
|   | SARAH E. SISKIND |
| 6 | ELIZABETH EBERLE |
|   | MINER, BARNHILL & GALLAND, P.C. |
| 7 | 14 W. Erie Street |
|   | Chicago, IL  60610 |
| 8 | Telephone:  (312) 751-1170 |
|   | Facsimile:  (312) 751-0438 |
| 9 | Attorneys for Plaintiffs ROBERT RAMIREZ, et al. |

CASE NO. C04-0281-JSW                                                    JOINT STIPULATION OF DISMISSAL

## RECITALS

WHEREAS, on August 3, 2005, Plaintiff A. Shappelle Thompson ("Thompson") filed his Fourth Amended Complaint ("FAC") asserting claims on behalf of himself and as a putative class representative for certain present and former employees of Defendant Cintas Corporation ("Cintas");

WHEREAS, in the FAC, Thompson individually asserted claims under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), specifically contending that because of his race, Cintas took away one of his better accounts, reassigned him to an undesirable service sales representative ("SSR") route, and terminated his employment (FAC ¶ 11);

WHEREAS, in the FAC, Thompson sought to assert claims as a class representative on behalf of African American current or former employees who have held SSR positions in Cintas' Rental Division and allegedly have been subjected to discriminatory practices with regard to SSR route assignments in violation of Section 1981 (FAC ¶¶ 41-42, 48(d), 58-62, 83(d);

WHEREAS, on March 22, 2005, this Court ordered Thompson to arbitrate and stayed this action as to his claims pending completion of an arbitration proceeding in this judicial district;

WHEREAS, the parties thereafter commenced arbitration, *inter alia,* of Thompson's claims before The Honorable Eugene Lynch (Ret.), who has issued a clause construction award but has not commenced proceedings on the merits of Thompson's claims;

WHEREAS, Thompson hereby dismisses with prejudice all of his individual claims alleged in the FAC;

WHEREAS, Thompson thus is not an adequate class representative for any form of relief sought on behalf of the putative class of African American current or former SSR employees who allegedly have been subjected to discriminatory route assignment

practices in violation of Section 1981, as described in paragraphs 41-42, 48(d), 58-62, and 83(d) of the FAC;

WHEREAS, Thompson has agreed to withdraw as a class representative and seeks the Court's permission to dismiss without prejudice his claims on behalf of African American current or former SSR employees in Cintas' Rental Division who allegedly have been subjected to discriminatory route assignment practices in violation of Section 1981, as described in paragraphs 41-42, 48(d), 58-62, and 83(d) of the FAC, but not the claims asserted by James Morgan on behalf of African American SSR's, in exchange for Cintas' waiver of its right to recover costs against Thompson pursuant to Federal Rule of Civil Procedure 54(d); and

WHEREAS, the parties have agreed that Plaintiffs' counsel will not include any attorneys' fees or costs incurred as part of maintaining Thompson's individual claims or his class claims should they later apply for an award of attorneys' fees or costs in this litigation. However, if Plaintiffs or Plaintiffs' counsel apply for an award of attorneys' fees and costs, this stipulation will not preclude them from asserting that some portion of the time spent on the class claims asserted by Thompson should be allocated to another claim on which Plaintiffs prevailed; and nothing in this stipulation will preclude Defendant from asserting any legal arguments in opposition to such an allocation.

## STIPULATION

THE PARTIES, BY AND THROUGH THEIR COUNSEL, HEREBY STIPULATE AS FOLLOWS:

1. Plaintiff A. Shappelle Thompson dismisses with prejudice all of his individual claims asserted in the FAC for discrimination in violation of Section 1981;

2. Plaintiff Thompson withdraws as a named, representative plaintiff and dismisses without prejudice his claims on behalf of African American current or former employees who have held SSR positions in Cintas' Rental Division and allegedly have been subjected to discriminatory practices with regard to SSR route assignments in

1 | violation of Section 1981, as described in paragraphs 41-42, 48(d), 58-62, and 83(d) of the
2 | FAC, but not the claims asserted by James Morgan on behalf of African American SSR's;
3 |     3.    Plaintiffs' counsel will not include any attorneys' fees or costs
4 | incurred as part of maintaining Thompson's individual claims or the class claims
5 | Thompson has asserted, should they later apply for an award of attorneys' fees or costs in
6 | this litigation. However, if Plaintiffs or Plaintiffs' counsel apply for an award of
7 | attorneys' fees and costs, this stipulation will not preclude them from asserting that some
8 | portion of the time spent on the class claims asserted by Thompson should be allocated to
9 | another claim on which Plaintiffs prevailed; and nothing in this stipulation will preclude
10 | Defendant from asserting any legal arguments in opposition to such an allocation; and
11 |     4.    Cintas waives its right to recover costs against Plaintiff A. Shappelle
12 | Thompson after the dismissal of his individual and putative class claims as permitted by
13 | Federal Rule of Civil Procedure 54(d).

DATED: March 2, 2009

Respectfully submitted,

By: /s/ Roberta L. Steele
ROBERTA L. STEELE

Morris J. Baller
Roberta L. Steele
GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
DARDARIAN
300 Lakeside Drive
Suite 1000
Oakland, CA 94611
Phone: (510) 763-9800
Fax: (510) 835-1417

Sarah E. Siskind
Elizabeth Eberle
MINER, BARNHILL & GALLAND
14 W. Erie Street
Chicago, IL 60610
Phone: (312) 751-1170
Fax: (312) 751-0438

*Counsel for Plaintiffs Robert Ramirez, et al.*

DATED: March 2, 2009        By: *Nancy L. Abell*
                                NANCY L. ABELL

Nancy L. Abell
Elena R. Baca
Heather A. Morgan
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Phone: (213) 683-6000
Fax: (213) 627-0705

*Counsel for Defendant Cintas Corporation*

## ORDER

BASED ON THE PARTIES' STIPULATION AND GOOD CAUSE APPEARING THEREFORE, this Court DISMISSES WITH PREJUDICE Plaintiff A. Shappelle Thompson's individual claims that Cintas has discriminated against him in violation of Section 1981. *See also Order Granting Unopposed Motion to Dismiss Plaitniffs' Putative Class Claims, issued this date.*

This Court further finds that Plaintiff A. Shappelle Thompson is not an adequate class representative and may not represent the putative class of African American current or former SSR employees in Cintas' Rental Division who allegedly have been subjected to discriminatory route assignment practices in violation of Section 1981, as described in paragraphs 41-42, 48(d), 58-62, and 83(d) of the FAC, and that Plaintiff Thompson seeks dismissal of the claims he sought to bring on behalf of the putative class, and on this basis this Court DISMISSES WITHOUT PREJUDICE the claims in the FAC that Plaintiff Thompson sought to bring on behalf of African American current or former employees who have held SSR positions in Cintas' Rental Division who allegedly have been subjected to discriminatory route assignment practices in violation of Section 1981 and all of his claims for relief for such discrimination.

This Court also finds that Plaintiffs' counsel is not entitled to recover any amount in attorneys' fees and costs attributable to pursuing Thompson's individual claims herein or his class claims in the FAC alleging that similarly situated African American current or former SSR employees in Cintas' Rental Division have been subjected to discriminatory route assignment practices in violation of Section 1981. Pursuant to the parties' agreement, Plaintiffs' counsel will not include any such attorneys' fees or costs incurred as part of maintaining Thompson's individual claims or the class claims Thompson has asserted should they later apply for an award of attorneys' fees or costs in this litigation. However, if Plaintiffs or Plaintiffs' counsel apply for an award of attorneys' fees and costs, this Order will not preclude them from asserting that some portion of the time spent on the class claims asserted by Thompson should be allocated to

1  another claim on which Plaintiffs prevailed, and likewise will not preclude Defendant
2  from asserting any legal arguments in opposition to such an allocation.
3        Finally, the Court finds that Cintas may not recover costs against Plaintiff A.
4  Shappelle Thompson as it would be otherwise permitted by Federal Rule of Civil
5  Procedure 54(d).

7        IT IS SO ORDERED.

9  DATED: April 3, 2009, 2009
10        HONORABLE JEFFREY S. WHITE
      United States District Judge